Battle, J.
 

 This is a proceeding by petition, filed in the County Court, by the executor of Alexander Wiley, for the purpose of obtaining an order to sell a part of the real es-state of the deceased, with the proceeds of which to pay his debts. It is admitted by the executor that the will gave him full power to sell any part of the estate of his testator, whether real or personal, for the purpose of paying his debts, and he admits further, that he did sell a sufficiency of the personal property to satisfy all the demands against the estate, but he avers that at the time of the sale he was compelled to take Confederate Treasury notes, they being then the only currency in the State, and that some of the creditors refused to take them in payment of their debts. In consequence of which he was compelled to keep them until they became valueless. As these debts, as well as the costs of administration are still unpaid, and there are no personal assets to which he can resort for their payment, he insists that he has a right, to adopt this proceeding, under the authority of the act of 1846, ch. 1. (Rev. Code, c. 46, s. 41, and several sections following.) The demurrer raises the question whether the County Court is authorized by that act to order the sale of land upon the petition of an executor under such circumstances.
 

 The words of the 44th section of the act are, “ when the goods and chattels of any deceased person in the hands of his executor or administrator, shall be insufficient to pay all his debts, with the charge of administering the estate, his executor or administrator shall sell his real estate upon
 
 *133
 
 obtaining a license therefor, and proceeding therein in the manner herinafter provided.” In the following sections the mode of proceeding is pointed out, which is, a petition in the County or Superior Court of the county in which the executor or administrator qualified; and then follow the details of the plan for converting the real estate into assets, and the manner of administering them. It is contended for the defendants that tins act does not apply to the case of an executor who has full power by the will to sell real as well as personal estate for the purpose of paying the debts of his testator, particularly when he has so acted as to put it out of his power to resort to the personal property for that purpose. This makes it necessary for us to consider what i's the proper construction of the act. The fir.t rule laid down by JBlackstone for the interpretation of a statute is, to consider what was the former law, the mischief, and the remedy: that is, how the law stood at the making of the act; what the mischief was for which the former law did not provide, and what remedy the Legislature hath provided to cure this mischief. 1 Black. Com., 87.
 

 Before the passage of the
 
 act
 
 of 1846, "which is now contained in the Rev. Code, ch. 46, a creditor of a decedent’s estate had first to resort to and exhaust all the personal assets, and had then to proceed against the lands which had descended to the heirs, or passed to the devisees of the intestate
 
 or
 
 testator. The mode of proceeding was by means of a
 
 sci.fa.
 
 against the heirs or devisees or both, and was in practice found to be very dilatory for the creditor, and always very expensive, and often ruinous to the estate of the decedent in the hands of the representatives.
 

 Such was the state of the law and the mischief under it, when the act in question was passed. It provides a simple, speedy, and, comparatively, cheap plan for having a decedent’s debts paid, first out of his personal property so far as it will
 
 *134
 
 go, and then out of the proceeds of tire real estate, if it should be found necessary to resort to that.
 

 When the executor has full power under the will to sell both kinds of property for the payment of debts, it is manifest that there is no necessity for him to call in the aid of the statute. As to the estate represented by him there did not exist any mischief under the former law, and we therefore conclude that the act of 1846 was not intended to-apply to such a case as his. If this be so, then it is clear that if, in attempting to apply the personal assets first, to the payment of the debts of his testator as it is his duty to do.
 
 (Knight
 
 v. Knight, 6 Jon. Eq., 134,) they are lost, he cannot proceed under the act to obtain an order for the sale of the land. The loss must tall on him, unless there be equitable circumstances which entitle him to relief) and that can be given him in a Court of Equitj' only.
 

 The demurrer ivas properly sustained in the court below, and the judgment must be affirmed.
 

 Pee Curiam. Judgment affirmed.