C. A. WEBB, Administrator of Natt Atkinson, v. HARRIET N. ATKINSON.

(Decided May 3, 1898).

*Action by Administrator to set Aside Fraudulent Conveyance of Property by Intestate—Appeal—Practice—Non-suit—Administrator—Fraudulent Conveyance—Husband and Wife— Burden of Proof.*

1. Where the defendant files an answer and the Court, upon reading the pleadings, and before the trial of the case, decides that the plaintiff cannot maintain his action and the plaintiff takes a non-suit and appeals, the case will be treated as coming up on demurrer.

2. A creditor cannot sell the property, real or personal, of a deceased debtor, but must proceed through the administrator who is a necessary party to any proceeding for or against the estate, and, in any proceeding relating to the real estate, the heirs are also necessary parties.

3. Where the assets of a decedent in the hands of his administrator are insufficient to pay the debts the administrator can maintain an action on equitable grounds, in behalf of the intestate's creditors, against the widow and children of his intestate, to recover money and other property conveyed to them without consideration by the intestate, while he was insolvent, in fraud of his creditors.

4. In an action by an administrator, on behalf of the creditors of the estate, against the widow and children of the intestate, to recover property alleged to have been conveyed to them by the intestate, while he was insolvent, and without consideration, the burden of proving the transactions to have been fair and for a full consideration is upon the grantees.

CIVIL ACTION heard before *Norwood, J.*, at August Term, 1897, of BUNCOMBE Superior Court. The nature of the action and contentions of the parties are stated in the opinion. Upon hearing the pleadings and argument of counsel, his Honor expressed the opinion that the plaintiff could not maintain his action and thereupon the plaintiff submitted to a non-suit and appealed.

*Messrs. J. C. Martin* and *Moore & Moore* for plaintiff (appellant).

*Messrs. Merrimon & Merrimon* for defendants.

FURCHES, J.: The plaintiff Webb is the administrator of Natt Atkinson, and the defendants are the widow and heirs at law of Natt Atkinson. The plaintiff alleges that his intestate's estate is indebted to the amount of $30,000, or more; that a part of said indebtedness had been reduced to judgment in the life time of his intestate; that his intestate was insolvent at the time of his death and that his estate is insolvent.

The plaintiff then alleges that his intestate, being so insolvent and while so insolvent, conveyed a valuable interest he owned in a large body of land, lying in Swain county, to two of his sons, herein made defendants, without consideration, upon a secret trust for his benefit and with the intent to hinder, delay and defraud his creditors; that this was done with the knowledge, consent and connivance of these two defendants; that not long after this, one of these defendants conveyed to the other, and this one, not long after this transaction between him and his brother, sold and conveyed this Swain county land for a large price, realizing therefrom some $15,000 more than discharged all incumbrances thereon; that this was all a part of the plan and scheme of his intestate to defraud his creditors, and for the benefit of his said intestate, who received the money, the proceeds of sale—$15,000, or more.

That his intestate had bought another tract of land, lying in Buncombe county from one Graham at the price of $4,000, and caused the title therefor to be made to his wife, the defendant Harriet Atkinson; that his intestate and the said Harriet Atkinson mortgaged this

land to one Cartwell for money to pay said Graham for said land; that his intestate took a part of the money he got from the Swain county land and paid off and satisfied the Cartwell debt and mortgage; that this land so bought by his intestate from Graham was conveyed to defendant Harriet by the direction of the said Natt Atkinson, as a part of the scheme, and for the purpose of delaying and defrauding the creditors of said Natt Atkinson; that the residue or the greater part of the residue of the money the said Natt received as the price of the Swain county land, he delivered to his wife, the defendant Harriet, not long before his death, and she has invested several thousand dollars of this money in real estate in and near the city of Asheville, which is described in the plaintiff's complaint, as is the Graham land; and that the defendant Harriet still has and retains the rest and residue of the money received from the Swain county land, not so expended; that these debts, so owing by the intestate at the time of these transactions, which were intended to be delayed and hindered in their collection and their owners defrauded thereby, still exist and are owing by the intestate's estate.

The plaintiff asks for subrogation, and that defendant Harriet be declared a trustee of the Graham land and the other land bought by the intestate and the title made to the defendant Harriet, and also of the real estate bought by the defendant Harriet and paid for out of the money belonging to his intestate's estate since his death, for the benefit of the creditors and for the payment of the debts of his intestate's estate.

Defendants answer and deny all the material allegations of fraud on the part of said Natt Atkinson or any of the defendants, and deny the plaintiff's right to recover.

Upon the case being reached for trial and being discussed by counsel, the court held that plaintiff could

not recover, when plaintiff submitted to a judgment of non-suit and appealed to this court.

It is not stated upon what ground the court rested its judgment of non-suit. The defendants did not demur, by which we might see what grounds were assigned by the defendants. Indeed the defendants answered fully, denying all the material allegations of the complaint. Nor is there any statement of the case on appeal, and defendants complain of this. But it is stated in the record that the complaint, answer and judgment are to constitute the case on appeal. So we see no ground of complaint on that account, if any case on appeal was necessary.

But, as a non-suit was taken upon the suggestion that the plaintiff could not recover, we must take it that in the opinion of the court the complaint did not state a cause of action, as the court had no right at that stage, to consider anything else, and was bound to treat the statements of the complaint as true.

While we must consider that the learned Judge treated the case as on demurrer, and we must so treat it, it will be observed that the learned counsel who represented the defendants filed no demurrer, but answered in full.

Taking the facts in the complaint to be true, as we are bound to do in this appeal, we are clearly of the opinion that the plaintiff has made a case entitling him to judgment, as prayed. While it was not conceded on the argument, we do not think it was seriously disputed by defendants but what the complaint contained a cause of action, if it had been brought as a creditor's bill by creditors of the intestate's estate. But it was contended that *The Code*, Sec. 1436, (Acts 1846), did not apply, and *Wiley* v. *Wiley*, 61 N. C., 131, was cited as author-

ity; and that sections 1446 and 1447 did not apply, and Heck v. Williams, 79 N. C., 437, was cited in support of defendant's contention. While it is probable that these statutes would not of themselves sustain plaintiff's action, it does not entirely depend upon either of these sections, and the cases cited are easily distinguishable from this case. Wiley v. Wiley was where there had been sufficient personal property to pay the debts without resorting to real estate. That is not the case here. That case was brought in the county court—a court of law—before the joinder of jurisdictions. And as there had been sufficient personal property to pay the debts of the testator, which had been lost during the administration, the plaintiff's only remedy, if he had one, was in a court of Equity. Heck v. Williams was where the administrator undertook to sell lands for assets that had been sold by his intestate, without alleging fraud, and of course he failed.

But the plaintiff's right to bring and maintain this action rests on higher grounds than the statutes contained in the sections referred to. It is equitable in its nature, and will be maintained on principles of equitable jurisprudence.

If the allegations in the complaint are true, and we are to treat them as true, the plaintiff's intestate has not only attempted to perpetrate a fraud on his creditors, but the defendants are now holding and enjoying the benefits of this fraud, by withholding funds and property from the intestate's creditors that they are justly entitled to. This will not be allowed in a court of Equity, and the plaintiff's action must be sustained, unless there is some technical reason why the *plaintiff* should not have brought the suit.

Under our law, since *The Code*, a creditor cannot sell

property, real or personal, of a deceased debtor. His estate must be administered by his personal representative. He represents the estate, and so far as reducing the same to assets is concerned he represents the creditors. It is his duty to reduce the estate to assets to pay debts and if he will not the creditors may compel him to do so. He is a necessary party to all proceedings against the estate, or for the estate, and the heirs are necessary parties to any proceeding to subject any landed interest of the intestate to the payment of debts. These are all parties in this action.

Plaintiff does not claim to follow the lands in Swain county, probably sold for a fair price and to innocent purchases, but to follow the fund and the property purchased with the money arising from this sale. If the allegations of the complaint are true, and we are so to consider them, the law creates the defendant H. N. Atkinson a trustee of the Graham lands, and the other lands bought with this money arising from the sale of the Swain county lands and conveyed to her. And it would seem that Sections 1446 and 1447 might apply. But as we have said, plaintiff's action rests on the higher grounds of equity, and equity jurisprudence. If the allegations of the complaint are true, and the intestate were living, he could have this trust declared unless prevented by the allegation of fraud on the part of defendants. But equity will not allow any suggestion of that kind to defeat the rights of creditors.

The plaintiff alleges in his complaint that this action is brought for the benefit of the creditors of the intestate Atkinson to obtain assets to pay his debts. That under the policy of our law of administration, since the Act of 1869, it is in effect almost a creditor's bill in the administration of assets by the personal representative.

And we see no reason and find no statute to prevent the plaintiff from maintaining this action. An insolvent man may have such transactions as those set forth in plaintiff's complaint, with his wife and children, if they are fair, and for a full consideration. But the burden of showing this will be upon them.

There is error and the judgment of non-suit will be set aside, and the case restored to the docket for trial.

Error.