LUNSFORD A. PASCHAL, Adm'r., *v.* BENJAMIN T. HARRIS and wife and others.

Where a mortgagor has an equity of redemption, subject to a power of sale, and the land mortgaged is actually sold after forfeiture, the right of the mortgagor is entirely extinguished.

*Hence*, where A executed and delivered a mortgage to B to secure the repayment of a sum of money borrowed by him of B, the mortgage containing a power of sale upon forfeiture, and the land was sold upon the failure of A to repay the money at the time specified: *It was held*, that the administrator of A could not sustain a petition to sell the interest of A in the mortgaged premises, to create assets for the payment of debts due by his intestate upon judgments docketed prior to the execution of the mortgage, because the sale divested the intestate of all interest.

*Held further*, That the liens of the judgment creditors, if enforced at all, must be enforced by some direct proceeding on their part for that purpose.

SPECIAL PROCEEDING, heard upon appeal from the Probate Court, before his Honor, Judge *Watts*, at Spring Term, 1875, of the Superior Court of WARREN county.

The plaintiff, who is the administrator of Andrew J. Rogers, deceased, filed a petition in the Probate Court, praying that he be allowed to sell certain lands, the property of his intestate, in order to raise funds to pay off the intestate's debts.

The case was heard before his Honor upon the following facts:

There were seven judgments against the plaintiff's intestate, duly docketed in the Superior Court of Warren county, of the following dates, to-wit: one on the 22d of February, 1869, four on the 15th day of March, 1869, one on the 16th day of March, 1869, and one on the 17th day of March, 1869, amounting to over ten thousand dollars.

No execution or any process whatever had ever issued against the plaintiff's intestate for the enforcement of any of the said

judgments after the docketing of the same. The plaintiff's intestate died during the month of January, 1875.

On the 6th day of May, 1871, the intestate, having procured a loan of seventeen hundred and twenty-four dollars and thirty-two cents from the defendant, Thomas Connell, executed to him a mortgage, duly registered, May 7th, 1872, whereby he conveyed to said Connell the land now sought to be sold by the plaintiff to make assets. As a security for the repayment of said sum, the mortgage contained a power of sale on default of such repayment.

The intestate, on the 5th day of May, 1872, informed the defendant, Connell, that the judgment had been satisfied, by reason of which information, and by failure of the judgment creditors to have their judgment liens enforced by execution or otherwise, the defendant was satisfied, and being so informed by counsel that said judgments no longer created a lien upon said land, thereupon loaned to the intestate the sum aforesaid. On the 24th day of April, 1875, the defendant, Connell, sold the land under the provisions of the mortgage deed, and one Martin Connell became the purchaser, and received a proper conveyance and possession thereof.

Upon these facts his Honor rendered the following judgment:

This action coming on to be heard upon the petition, and the answer and exhibits of the defendant Connell, and the argument of counsel for both parties, and it appearing to the court that the land described in the petition was bound for the payment of intestate's debts, which are set forth in the said petition, prior to the execution and registration of the intestate's mortgage of said land to the defendant Connell; and it further appearing that intestate's personal estate is sufficient to pay his debts, as set forth in said petition and the charge of administration, it is now, on motion of plaintiff's counsel, ordered and adjudged that said Paschal, as administrator as aforesaid, have a license to sell the land described in said petition, after due advertisement, at public auction for cash, in

order to pay so much of said intestate's debts as are stated in said petition, as his personal estate may be infficient to discharge.

From this judgment the defendants appealed.

*Moore & Gatling* and *Cook*, for the appellants.
*Edwards* and *Batchelor & Son*, contra.

PEARSON, C. J. The plaintiff's intestate had an *equity of redemption*, but it was subject to a power of sale. An equity of redemption is a valuable interest which may be sold by the mortgagor and at sheriff's sale; and it is such an interest as may be devised and will descend to heirs. Chap. 45, sec. 71, Battle's Revisal, embraces an equity of redemption; but in our case the equity of redemption was subject to a power of sale, and when the power was executed, it took from the plaintiff all pretext in support of the petition and he had no foundation to stand on. The right of the intestate and of his heirs and of the administrator, was divested by the sale. Whether the mortgagee and the purchaser under the power of sale are subject to the lien of the docketed judgments, or whether they can get rid of the lien of the judgments, as purchasers for value without notice by reason of the *laches* of the judgment creditors in delaying to sue out executions for more than three years, are questions with which the plaintiff has no concern.

If the creditors who have docketed judgments wish to make the question, it must be done by some proceeding on their part : for instance, let them issue executions and sell the land; then the purchaser under the execution and the purchaser under the power of sale in the mortgage can have a " fair fight," and the question be put on its merits. In this action, the plaintiff is interfering officiously in regard to a matter which does not concern him one way or the other.

We listened with pleasure to the argument of Mr. Gatling,

because it was able and well considered; because he discussed the point on which his Honor put his decision, and because the argument suggested a new doctrine so far as the decisions of our court extend, to wit: can a lien, *valid at law*, be defeated on the plea of " a *bona fid*' purchase for full value without notice;" and in the second place, can the failure of a judgment creditor to issue execution for three years after judgment docketed excuse, a purchaser of negligence in not making inquiry of him, and in lending his money upon the bare word of the debtor in the execution, that the judgment has been satisfied? Upon these questions we, at this time, say nothing. His Honor put the decision upon the wrong point; it should have been on the point that the plaintiff had nothing to operate on and his petition was *functus officio* by a sale under the power in the mortgage.

Error. Reversed. The petition must be dismissed. This will be certified.

PER CURIAM.     Judgment reversed and petition dismissed.