J. M. HECK and others v. CATHARINE WILLIAMS, Adm'x, and others.

*Proceeding to Make Real Estate Assets—Land Sold by Deceased in his Life-time.*

Under Bat. Rev. ch. 45, § 71, only the interest of a deceased debtor in land possessed by him, or which he may have conveyed for the purpose of defrauding creditors, is subject to sale by an administrator for assets ;

*Therefore,* where the plaintiff instituted proceedings in the Probate Court, alleging that he had obtained and docketed a judgment against defendant's intestate during his life-time, and that thereafter the intestate had sold certain real estate to the other defendants for value, and asked that a reference be had to ascertain the value of the lands so sold, that he recover of the defendants an amount

in proportion to the value of the respective tracts, and on their failure to pay that the administrator proceed to sell, &c. ; *It was held,* that a demurrer to the complaint was properly sustained.

(*Paschall* v. *Harris,* 74 N. C. 335, cited, distinguished and approved.)

SPECIAL PROCEEDING commenced in the Probate Court and tried on appeal at Fall Term, 1877, of HARNETT Superior Court, before *Seymour, J.*

The plaintiff on behalf of himself and other creditors brought this action against the defendants,—Catherine Williams administratrix of B. C. Williams, Davis Abernathy, and the Cape Fear Iron and Steel Company. It was alleged among other things that the personal estate of the intestate of defendant had been sold and proved insufficient to pay his debts; that the plaintiff, Heck, was the assignee of a certain docketed judgment obtained against the intestate during his life, which was a lien on his real estate; that the intestate owned an interest, to the plaintiffs unknown, in the minerals in the " Chalmers tract " of land on Deep river, and also other tracts of land (describing them) one of which he sold for value to defendant Abernathy, and another, to defendant company, said sales being made after said judgment was docketed ; wherefore the plaintiffs demand that an account of the said personal property be taken, and if the same shall be insufficient to pay said judgment, then the administratrix be ordered to sell the Chalmers tract for assets, and if the proceeds arising therefrom shall also be insufficient to pay the debt, that then a reference be had to the clerk to ascertain the respective values of the lands sold to the co-defendants as aforesaid, that said judgment may be a charge on the same, and the plaintiff may recover of said defendants an amount in proportion to the value of their tracts, and on failure to pay, that said tracts be sold by said administratrix to satisfy the judgment aforesaid, and for other and further relief, &c.

The defendants Abernathy and the company demurred to the complaint and assigned as cause:—

·1. That the Probate Court had no jurisdiction where the proceeding was to enforce a lien acquired by docketing a judgment in intestate's lifetime on lands he afterwards conveyed to defendants.

2. That intestate did not die seized and possessed of the lands so conveyed, and therefore the said Court has no power to order a sale thereof.

The defendant Catherine in her answer to the complaint stated that her year's support had been laid off out of the personal property, except the choses in action which were considered valueless; and that she knew her intestate owned five acres of land at Cokesberry church, but as to the other allegations in the complaint she knew nothing of her own knowledge.

The demurrer was sustained in the Probate Court and on plaintiffs' appeal His.Honor affirmed the judgment and dismissed the case as to the defendants demurring,and remanded it for further proceedings according to law as to the other defendant. From which ruling the plaintiffs appealed.

*Mr. John Manning,* for plaintiffs.
*Mr. Neil McKay,* for defendants.

BYNUM, J. The only respect in which this case differs · from that of *Paschall* v. *Harris,* 74 N. C., 335, is, that there, the judgment debtor executed a mortgage with a power of sale, under which the mortagee sold and conveyed to the purchaser; while here, the judgment debtor sold and conveyed directly to the purchaser. · Of course this difference is immaterial, and the decision in the former case must govern this.

It was held in that case that " the right of the intestate and of his heirs and of the administrator, was divested by

the sale. Whether the mortagee and the purchaser under the power of sale, are subject to the lien of the docketed judgment, or whether they can get rid of the lien of the judgment, as purchasers for value and without notice, by reason of the *laches* of the judgment creditors in delaying to sue out execution for more than three years, are questions into which the plaintiff has no concern. If the creditors who have docketed judgments wish to make the question, it must be done by some proceeding on their part, for instance, let them issue executions and sell the land; then the purchaser under the execution, and the purchaser under the power of sale in the mortgage, can have a ' fair fight ' and the question be put on its merits."

The act, Bat. Rev. ch. 45, § 71, only authorizes a sale by the administrator, of all the interest of a deceased debtor in land possessed by him, whether legal or equitable, and any land which the intestate may have conveyed for the purpose of defrauding creditors. It is not alleged in the complaint that the lands of the intestate were sold and conveyed by him with an intent to defraud his creditors, and the case of *Paschall* v. *Harris* decides that no such fraudulent intent is implied in law, where a debtor by docketed judgment, executes a mortgage to secure a loan of money. In our case the land was sold by the intestate for its value, according to the express allegation of the complaint. The sale however did not disturb existing liens, but did divest the intestate of all title, legal or equitable, in the land sold, and it follows that the administratrix, as to that, is *functus officio.*

The case is here only upon the demurrer of the defendants, Abernathy and the Cape Fear Iron and Steel Company. The judgment below was that the demurrer be sustained and the proceeding as to them be dismissed. The administratrix answered the complaint, admitting that her intestate left no personal property beyond her year's allow-

ance, and that he owned a small tract of land near Cokesberry church. The complaint also alleged that the intestate owned a mineral interest in the Chambers land on Deep river. As the Judge below remanded the case to the Probate Court for further proceedings, if desired, against the administratrix, and no appeal was taken from that order, nothing is before us but the action of his His Honor upon the demurrer. As to that, there is no error.

No error.                     Judgment affirmed.