J. C McCASKILL, Administrator of Elizabeth Graham, deceased,
v. J. P. GRAHAM

*Judgment in Personam—Judgment in Rem—Foreclosure of Mortgage—Lien of Judgment—Right of Administrator to Sell Land Conveyed by Intestate Subject to Judgment Lien.*

1. An administrator has no right to sell land of his intestate for assets which, subject to the lien of a judgment, had been conveyed by the intestate, unless such conveyance had been made to defraud creditors.

2. A judgment upon a note *in personam*, taken at the same time with a decree of foreclosure of a mortgage (or judgment in *rem*), is final and creates a lien upon all the property of the judgment debtor in the county where docketed and the validity of the judgment on the debt is not affected by the judgment for sale of the land.

3. Where one buys land subject to a judgment lien his title is freed from the incumbrance after the lapse of ten years from the date of docketing.

CIVIL ACTION to sell land for assets tried before *Coble, J.,* at Fall Term, 1897, of ROBESON Superior Court. From a judgment for the plaintiff the defendant appealed.

*Messrs. McNeill & McLean,* for defendants (appellants).
No counsel, *contra.*

FURCHES, J.: Elizabeth Graham owed the plaintiff a debt, and to secure the payment of the same she gave him a mortgage on a part of her land. Upon this debt and to foreclose this mortgage, the plaintiff brought an action and at Spring Term, 1887, of Robeson Superior Court, recovered

a judgment against the said Elizabeth for $754.93 and also judgment of foreclosure. After this judgment was docketed in Robeson County, Elizabeth sold and conveyed the lands in controversy to the defendant J. P. Graham. This land was not included in the mortgage. After this sale and conveyance, and in 1888, the said Elizabeth died and the plaintiff has been appointed and qualified as her administrator. And this proceeding is brought before the Clerk of the Superior Court to sell this land for assets to pay debts, in which the plaintiff claims that his judgment was a lien on this land at the time it was sold to the defendant, and he seeks to follow the land and to enforce this lien.

Treating the plaintiff's judgment simply as a debt and Elizabeth having sold the land before her death, the plaintiff has no right to sell it for assets, unless he alleges and shows that the sale was made to defraud creditors, and this he does not allege. Code, Section 1446; Heck v. Williams, 79 N. C., 437; Paschal v. Harris, 74 N. C., 335.

The plaintiff's judgment having been docketed before the death of Elizabeth and before the date of defendant's deed, it created a lien on this land, if it was a final judgment. The defendant contends that it was not a final judgment and created no lien; that it was an equitable action to foreclose a mortgage, and the judgment was only interlocutory. In this defendant is mistaken. It was an action in personam on the note, and in rem upon the mortgage, which is allowable under our Code practice. Ellis v. Hussey, 66 N. C., 501. The judgment for $754.93 was a personal judgment and was final. The judgment foreclosing the mortgage was the exercise of the equitable jurisdiction of the Court, and was not what would have been a final decree in equity, and was not so in this case. But the final judgment on the note, which would have been the judgment at law under the old practice, was final and not affected by the equitable judg-

ment of foreclosure. Under the old practice before *The Code*, these would have been separate judgments, in separate Courts, and the taking of one would not have affected the validity of the other. And although they are now both in the same Court and in the same action, that does not change the principles which govern them, nor does it affect their validity. We must therefore hold that plaintiff's judgment was a lien on the land in controversy, when docketed.

But it has been more than ten years since the taking and docketing of this judgment. And the plaintiff's lien expired at the end of ten years from the date of docketing. And the defendant having bought from Elizabeth (the defendant in plaintiff's judgment) his title became freed of the incumbrance of the lien of plaintiff's judgment, at the end of ten years from the docketing, *Spicer* v. *Gambill*, 93 N. C., 378, —this proceeding being executionary in its nature.

There is error and the judgment below is reversed.

Reversed.