### HARRINGTON v. HATTON.

(Filed October 22, 1901.)

1. EXECUTORS AND ADMINISTRATORS—*Fraudulent Conveyances—Creditors—Innocent Purchasers—The Code, Sec.* 1446.

An administrator can not be compelled, under The Code, se?. 1446, to sell property fraudulently conveyed by his intestate and in the hands of innocent purchasers.

2. JURISDICTION — *Executors and Administrators — Clerks of Courts—Appeal—The Code, Sec. 255—Acts 1887, Chap. 276.*

In a proceeding by a judgment creditor to compel a sale of property of decedent, on appeal from the Clerk to the Superior Court, judgment should be rendered directing a sale of the property under the judgment lien, all the parties being before the Court.

PROCEEDING by W. H. Harrington against P. E. Hatton, administratrix, and others, heard by Judge *W. A. Hoke* and a jury, at August°(Special) Term, 1901, of the Superior Court of PITT County. From a judgment for the defendants, the plaintiff appealed.

*A. M. Moore,* for the plaintiff.
*Skinner & Whedbee,* for the defendants.

CLARK, J.   The jury having found that the defendant
James R. Davenport was a "purchaser for a valuable consid-
eration and without knowledge of any fraud" on the part of
E. N. Hatton, of the lands described in the petition, the Court
properly refused judgment to compel the administratrix of
E. N. Hatton to sell the land to make assets.   Proviso to
Code, sec. 1446; *Paschal v. Harris,* 74 N. C., 335; *Heck v.
Williams,* 79 N. C., 437; *Egerton v. Jones,* 107 N. C., at
page 290; *McCaskill v. Graham,* 121 N. C., 190.   The rea-
son is that in such case the purchaser has gotten a valid title
to whatever interest the vendor had (*Savage v. Knight,* 92
N. C., 493, 53 Am. Rep., 423), and there is nothing which
his personal representative can sell.   Such sale by E. N.
Hatton, it is true, could not impair whatever lien his judg-
ment creditor had by virtue of his prior docketed judgment,
but the creditor must proceed to enforce that lien by some
direct proceedings on his part.   Upon the issues found, E. N.
Hatton had no interest in the land, and the Judge properly
refused to order the administratrix to sell for assets E. N.
Hatton's interest in the land, since, after the execution of his
conveyance, he had no interest left which could have passed
to his heirs-at-law, and hence nothing to be turned into assets
by his administratrix.   If the issue had been found the other
way, the judgment would have been different, of course.
*Paschall v. Harris, supra,* is exactly " on all-fours."   *Mur-
chison v. Williams,* 71 N. C., 135, presents an entirely differ-
ent state of facts.   There the property subject to the lien of
the docketed judgment descended to the judgment debtor's
heirs-at-law, who had a right to have the personalty applied
first, and the administrator had the right to sell the land
for assets, if necessary, and discharge the judgment.   Here,
there is only $50.00 personalty, and, by reason of E. N.
Hatton's conveyance, no interest in the realty descended to
the heirs-at-law.   Hence, there is nothing which can be sold

by the administratrix to make assets. What the creditor must seek to enforce is a sale of the realty by virtue of his judgment lien, and not to apply E. N. Hatton's interest therein to his debt. If by the lapse of time plaintiff's judgment lien had been lost, the benefit would have accrued to Hatton's vendee and not to Hatton's heirs-at-law.

In this proceeding, though begun before the Clerk, the purchaser, as well as the administratrix and heirs-at-law, are parties, and judgment should have been rendered directing a sale of the property under the judgment lien. Code, sec. 255, as amended by the Laws of 1887, Chap. 276; *Roseman v. Roseman,* 127 N. C., 494; *Faison v. Williams,* 121 N. C., 152, and other cases cited in Clark's Code (3d Ed.), page 267. All the parties being before the Court, there is no reason to compel the bringing of a new action, but the plaintiff should have any relief his allegations and proofs entitle him to, whether prayed for or not. Clark's Code (3d Ed.), page 200.

In refusing the prayer of the petition, there was no error, but there was error in dismissing the action. The cause is remanded for proper judgment. The judgment below as to costs is affirmed, and the costs of the appeal will be divided. Code, sec. 527.

Remanded for judgment.