FIDELITY ASSOCIATION v. LASH.

(Filed May 11, 1904).

1. HOMESTEAD—*Judgments—Mortgages.*

  In this action for the foreclosure of a mortgage the homestead should have been sold subject to the lien of a prior judgment.

2. JUDGMENTS—*Homestead—Mortgages.*

  At a sale under a mortgage covering the judgment debtor's undivided interest in a part of the land afterward allotted to him, the purchaser took the property subject to the lien of the judgments.

3. FORECLOSURE OF MORTGAGES—*Sale—Judgments.*

  In a foreclosure proceeding, in which all persons having an interest in the property were made parties, it was proper to move for a decree of sale under a judgment lien under which the property might have been sold without such decree.

4. PARTIES—*Executors and Administrators—Judgments.*

> In an action to foreclose a mortgage, in which a sale under a prior
> judgment is asked, the personal representative and heirs of the
> judgment debtor should be made parties.

ACTION by the Fidelity Loan and Investment Company
against Frank Lash and others, heard by *Judge T. A. Mc-
Neill,* at December Term, 1903, of the Superior Court of
FORSYTH County. From the judgment there was an appeal.

*Watson, Buxton & Watson* and *L. M. Swink,* for the
plaintiffs.

*J. S. Grogan,* for the defendants.

CLARK, C. J. On December 11, 1891, Frank Lash and
Emma Alston were tenants in common of a lot of land in
Winston, 200 feet wide by 100 feet deep, subject to the life
estate therein of Amanda Lash. On that day a judgment
before a justice of the peace was docketed against Frank
Lash in favor of Vaughan & Pepper for $50.41 and costs,
and three others in favor of Gilmer & Mahler, aggregating
$496.68 and costs. In December, 1892, Frank and Emma
and the life tenant gave a mortgage for $400, for money bor-
rowed, to the plaintiff upon a strip fifty feet wide, running
through the center of said lot. The life tenant having died
in December, 1894, immediately thereafter there was a parti-
tion made, the strip about seventy feet wide on the east side
of said lot being allotted to Frank Lash and the strip about
seventy feet wide on the west side being allotted to Emma
Alston, and the strip fifty feet wide, in the center, which
had been mortgaged to the plaintiff, being left undivided.
In the meantime, Frank Lash, in March, 1893, had mort-
gaged his undivided interest in part of said seventy-foot strip
(afterwards allotted to him) to one Tyson to secure $125,

and in May, 1894, had mortgaged his undivided interest in the entire lot (200 by 100 feet) to one Brown to secure $500.

In January, 1895, execution issued against Frank Lash on the Vaughan & Pepper judgment. The homestead was allotted to him in the seventy-foot strip and his undivided interest in the fifty-foot strip was sold, under execution issued upon that judgment, for $75, and applied upon the Vaughan & Pepper judgment. Thus, Frank Lash's interest in the lot was reduced to the seventy-foot strip on the east side of said lot, upon which his homestead had been allotted, and against which there were outstanding the lien of the judgments in favor of Gilmer & Mahler, $496.68 and costs, docketed December 11, 1891, the mortgage for $125 to Tyson, March, 1893, and the $500 mortgage to Brown, May, 1894.

The plaintiff began this suit February, 1894, making the above judgment and mortgage creditors and Emma Alston co-defendants with Frank Lash, asking a sale of Emma Alston's interest in the fifty-foot strip under the mortgage, and that the various liens be adjusted and their rights settled. Proceedings were had which resulted in a sale of Emma Alston's undivided interest in the fifty-foot strip and application of the proceeds to the plaintiff's mortgage, and a judgment, July 2, 1898, decreeing that the three judgments of Gilmer & Mahler were the first lien upon the homestead tract of Frank Lash. That by reason of the sale under execution of the fifty-foot strip mortgaged to the plaintiff, the plaintiff, "under the doctrine of marshaling," was entitled to a lien upon the homestead of Frank Lash to the value of Frank Lash's interest in said fifty-foot strip, not exceeding $75, balance due on the plaintiff's mortgage, subject to prior lien of judgment creditors, and that the mortgages of Tyson and Brown were also liens; that none of these liens could be enforced till the termination of the homestead estate, and that Brown and Tyson could have a receiver

for the rents and profits to apply upon their several mortgages, which has been done ever since.

Upon motion, on notice issued December 6, 1899, it was ordered that the part of the homestead covered by the Tyson mortgage (made in March, 1893) should be sold subject to liens of judgment creditors. Upon the coming in of the report, the sale was confirmed and the defendants excepted. The receiver remained in possession. In July, 1903, Frank Lash, the homesteader died insolvent, and leaving neither widow nor child. A. F. Messick qualified as administrator, and at September Term, 1903, he joined with the judgment creditors in a petition filed in the cause to have a commissioner appointed and a sale of the homestead property, and application of proceeds in accordance with the terms of the aforesaid judgment of 1898. This motion being refused, the petitioners appealed and assigned as error the judgment of 1899 confirming the sale under the Tyson mortgage (which was excepted to at the time), and the refusal at September Term, 1903, to order a sale by a commissioner and application of proceeds to the judgment liens, and to make the administrator a party and to discharge the receiver.

The judgment of 1898, refusing to decree a sale under the mortgage, was based upon a mistaken conception of *Vanstory v. Thornton,* 112 N. C., 196, 34 Am. St. Rep., 483. The land should have been sold under the mortgage subject to the lien of the docketed judgment. The decree adjudging the plaintiff subrogated to a lien upon the homestead to the value of the undivided interest of Frank Lash in the fifty-foot strip, raises a question which is not here presented, unless, and until, under a sale of the property to pay the judgment liens, a surplus should arise whose application to the balance due upon the plaintiff's mortgage shall be contested by the holder of the Brown mortgage. The sale under the Tyson mortgage by the decree made upon the

motion, made in December, 1899, carried the property to the purchaser, subject to the lien of the judgments. The homestead having ceased, the judgment creditors might have sold under the judgment lien, but as all the parties who could be interested are in Court, the cause having been retained "for further orders," it was very proper to bring the case forward and ask for a decree of sale. *Harrington v. Hatton,* 129 N. C., 146. The administrator, representing creditors, should have been made a party, and also the heirs at law of Frank Lash, as there was a part of the homestead not covered by the Tyson mortgage, though their interest is remote, for if the judgments and interest should not exhaust the property, the Brown mortgage and the balance due upon the plaintiff's mortgage will be quite sure to do so.

The purchaser under the Tyson mortgage obtained only Tyson's title in the part of the homestead covered by that mortgage, leaving in force the Brown mortgage upon the other part of the homestead, and leaving intact the judgment liens upon the entire homestead tract, which liens are prior to both mortgages.

Error.