GURNEY P. HOOD, COMMISSIONER OF BANKS, ET AL., v. J. ROBT. LANDRETH, L. M. LOWDERMILK, L. S. McALISTER, N. L. EURE, TRUSTEE, ET AL.

(Filed 28 January, 1935.)

**Mortgages C c—Mortgages filed for registration at same instant of time are equal and neither has priority over the other.**

Where the record discloses that a purchase-money mortgage and another mortgage given to another party to secure the cash payment required by the grantor for the land were filed for registration at the same instant of time, neither mortgage has priority over the other, but both constitute a first lien on the land, C. S., 3561, and fact that one necessarily appeared before the other on the index of the day's transactions does not alter this result, since the record fails to show that the mortgages were not indexed at the same time.

CIVIL ACTION, before *Alley, J.,* at August Term, 1934, of GUILFORD.

L. M. Lowdermilk and wife conveyed a tract of land to J. Robert Landreth and wife. Landreth, in payment of the purchase price, exe-

cuted four notes to Lowdermilk, aggregating $5,292.13. In order to secure the notes he executed and delivered a mortgage upon said premises to said Lowdermilk, dated 10 July, 1928.

On the same day, to wit, 10 July, 1928, in order to procure a part of the purchase price for said land, Landreth and wife executed and delivered to L. S. McAlister a mortgage, dated 10 July, 1928. Both deeds of trust were probated before the assistant clerk of the Superior Court on 14 July, 1928, and the register of deeds for Guilford County entered upon both instruments the following: "Filed for registration on 14 July, 1928, at ten o'clock a.m., and duly recorded." The evidence tended to show that the register of deeds kept a temporary index and cross-index. This temporary sheet was offered in evidence and shows that both of the aforesaid deeds of trust were indexed on 14 July, 1928. The order of names on the index is as follows: (a) Deed, Lowdermilk, L. M., to J. Robt. Landreth *et ux.,* grantees; (b) Mortgage deed, J. Robt. Landreth, grantor, to J. M. Lowdermilk, grantee; (c) Deed, Layton, J. A., grantor, to J. T. Neese, grantee; (d) Mortgage deed, Landreth, J. Robt., to L. S. McAlister, grantee; (c) Deed, J. Robt. Landreth, grantor, to L. F. Weaver, grantee.

The foregoing entries constitute the day's work on 14 July, 1928.

The plaintiffs brought suit against the defendants, alleging that the Lowdermilk mortgage deed constituted a prior lien upon the land, and asked that a commissioner be appointed by the court to sell the property and apply the net proceeds to the payment of the Lowdermilk mortgage. The defendant McAlister filed an answer alleging that his mortgage to secure $1,000 was a prior mortgage upon the premises, and asked that a commissioner be appointed to sell the land and to apply the net proceeds to the note secured by his mortgage.

The following issues were submitted to the jury:

1. "In what amount, if any, are the defendants J. Robert Landreth and Minnie R. Landreth indebted to the plaintiffs?"

2. "Does said indebtedness represent part of the purchase price of the property described in plaintiffs' complaint?"

3. "Is said indebtedness secured by the mortgage to the defendant L. M. Lowdermilk described in plaintiff's complaint?"

4. "Was the mortgage to the defendant L. M. Lowdermilk described in plaintiffs' complaint filed for registration and indexed in the office of the register of deeds of Guilford County prior to or at the same time as the deed from the defendant L. M. Lowdermilk to the defendants J. Robert Landreth and Minnie R. Landreth described in plaintiffs' complaint?"

5. "If not, was said mortgage to the defendant L. M. Lowdermilk filed for registration and indexed in the office of said register of deeds

prior to the mortgage to the defendant L. S. McAlister described in plaintiffs' complaint?"

The jury answered the first issue, "$3,533.80"; the second issue, "Yes"; and the third issue, "Yes."

The trial judge was of the opinion that the fourth and fifth issues were unnecessary.

From judgment upon the verdict appointing a commissioner to sell the property and directing that the net proceeds, subject to the payment of cost and certain taxes, be applied to the discharge of the Lowdermilk mortgage, the defendant McAlister appealed.

*Brooks, McLendon & Holderness for plaintiff.*
*Duke & Bridges for defendant McAlister.*

BROGDEN, J. ·Two mortgage deeds are delivered to and received by the register of deeds and marked "filed for registration" at the same instant of time. Both instruments appear on the temporary index on the same day, although one appears ahead of the other on such index. The question of law is: Which mortgage deed has priority? The answer is neither. Both stand upon the same level and constitute a first lien upon the premises for the reason that both have parity of registration.

Certain issues were submitted to the jury, but the record discloses that the facts with reference to the registration of the instruments were not controverted.

The plaintiffs contend that while it has been formerly held that filing for registration determined priority, nevertheless such decisions have been overruled by reason of the fact that the Court has interpreted C. S., 3561, as requiring indexing as an essential part of the act of registration. The authorities relating to indexing are assembled in *Story v. Slade,* 199 N. C., 596, 155 S. E., 256. See, also, *Woodley v. Gregory,* 205 N. C., 280, 171 S. E., 65.

In the case at bar the register of deeds kept a temporary index, and while the mortgage deed of Lowdermilk appears first on such record, there is nothing to indicate that all the papers were not indexed at the same time. Obviously two entries could not occupy the same space at the same time on the records, and consequently it is necessarily apparent that in the act of entering a list of names on a record that one name had to come first.

In the final analysis two deeds of trust were filed at the same instant of time, and so far as the record discloses, were indexed at the same instant of time. Therefore, the Court is of the opinion that both mortgage deeds constitute a first lien upon the land.

Reversed.