BENEFICIAL MORTGAGE CO. v. HAMIDPOUR

[155 N.C. App. 641 (2002)]

BENEFICIAL MORTGAGE COMPANY OF NORTH CAROLINA, Plaintiff v. NADER HAMIDPOUR, ATLANTIC MORTGAGE & INVESTMENT CORPORATION, DAVID B. CRAIG, as Substitute Trustee, LARRY E. TAYLOR, and ROSEMARY R. TAYLOR, Defendants

No. COA02-269

(Filed 31 December 2002)

**1. Mortgages and Deeds of Trust— notice of foreclosure— standing—junior mortgage holder**

The holder of a second mortgage did not have standing to dispute the adequacy of notice of a foreclosure sale where it had not filed a request for notice; N.C.G.S. § 45-21.17(4) provides that only those listed in N.C.G.S. § 45-21.16 and those who have filed a request for notice are entitled to notice of sale. The mortgage company also lacked standing to argue that the sale was held on a holiday.

**2. Real Property— action to quiet title—standing—disputed foreclosure sale—junior mortgagor**

A mortgage company did not have standing to bring an action to quite title arising from a foreclosure sale with a disputed notice of sale. Plaintiff was not attempting to resolve a situation where two parties claimed title to the same property.

Appeal by plaintiff from judgment entered 24 September 2001 by Judge Wade Barber in Rockingham County Superior Court. Heard in the Court of Appeals 16 October 2002.

*Roberson, Haworth & Reese, P.L.L.C., by Alan B. Powell, Robert A. Brinson, and Christopher C. Finan, for plaintiff-appellant.*

*Adams, Kleemeir, Hagan, Hannah & Fouts, by M. Jay DeVaney and Edward P. Lord, for defendant-appellee David B. Craig.*

*Robert S. Griffith, II, for defendant-appellee Atlantic Mortgage & Investment Corporation.*

HUDSON, Judge.

Beneficial Mortgage Company ("Beneficial") held a deed of trust on a parcel of real property in Rockingham County that was sold at a foreclosure sale. Beneficial did not know of the sale and, therefore, did not bid on the property. Beneficial then sued to quiet title and to

collaterally attack the sale. All parties moved for summary judgment. The superior court granted summary judgment in favor of the appellees, and Beneficial now appeals.

## BACKGROUND

On April 26, 1986, Larry Taylor acquired by deed a parcel of property located in Rockingham County, North Carolina, On April 30, 1986, Taylor executed a deed of trust ("Citizens Deed of Trust") in favor of Citizens Savings Mortgage Company ("Citizens") in the amount of $48,450.00, which was recorded in the office of the register of deeds in Rockingham County on May 2, 1986. Citizens subsequently assigned the deed of trust to Atlantic Mortgage and Investment Corporation ("Atlantic").

On September 10, 1998, Taylor and his wife executed a promissory note in the amount of $50,000.00 in favor of Beneficial. The note was secured by a deed of trust on the property ("Beneficial Deed of Trust"). The Beneficial Deed of Trust was recorded on September 16, 1998, second in priority to the Citizens Deed of Trust.

David Craig ("Craig") was appointed substitute trustee of the Citizens Deed of Trust on May 3, 1999. On July 2, 1999, at Atlantic's request, Craig instituted a special proceeding in Rockingham County to foreclose upon the Citizens Deed of Trust. The clerk of court entered an order that Atlantic was entitled to foreclose on the property and, after giving notice, Craig proceeded to sell the property at public sale on October 13, 1999. Atlantic was the high bidder at that sale, with a bid of $16,461.99. However, on October 25, 1999, Household Finance Corporation ("Household") filed an upset bid, raising Atlantic's bid by five percent.

On the same day that the upset bid was filed, the Taylors filed a voluntary petition in bankruptcy under Chapter 13 of the Bankruptcy Code. The proceedings relating to the foreclosure of the Citizens Deed of Truest were placed on inactive status in accordance with the automatic stay provisions of the Bankruptcy Code pending the outcome of the Taylors' bankruptcy case.

The Taylors' bankruptcy case was later dismissed, and Craig obtained an order reopening the foreclosure proceedings. A new notice of sale was posted at the Rockingham County courthouse on October 18, 2000, setting the date of the sale for November 7, 2000. Beneficial did not receive notice of the sale. As set forth in Craig's brief, Craig was not aware that Household, who had filed an upset bid

at the first sale, was the parent company of Beneficial, nor did Household provide an address on the notice of upset bid filed with the court. Had Beneficial been notified of the sale, it would have been ready, willing, and able to bid $68,979.69 for the property.

At the November 7, 2000 sale, Atlantic again was the high bidder. Third parties, however, filed four upset bids on November 9, November 13, November 15, and November 27. Nader Hamidpour was the highest bidder, with a final bid of $22,918.90. The period for upset bids closed on December 7, 2000. On December 13, 2000, a trustee's deed conveying the property to Hamidpour was recorded in the Rockingham County register of deeds, and the final report of the trustee was filed January 10, 2001.

Beneficial filed suit in January 2001 to quiet title and to collaterally attack the foreclosure. All parties moved for summary judgment. On September 24, 2001, the superior court granted summary judgment in favor of the appellees. Beneficial now appeals.

## ANALYSIS

Beneficial argues on appeal that the trial court erred in granting summary judgment for the appellees. In Beneficial's view, the November 7, 2000 foreclosure sale was improper because (1) the notice of foreclosure sale was not posted for 20 days as required by N.C. Gen. Stat. § 45-21.17(1)(a) and (2) the sale was conducted on a legal holiday in contravention of N.C. Gen. Stat. § 45-21.23. Further, Beneficial argues that these material irregularities resulted in the property being sold for a grossly inadequate price.

[1] Before we address these issues, however, we must determine whether Beneficial, as holder of a second mortgage, has standing to challenge a foreclosure sale once it is completed. Appellee Craig has argued that Beneficial does not have standing to challenge the sale under Chapter 45 since Beneficial is not a mortgagor. Standing is a necessary prerequisite to a court's proper exercise of subject matter jurisdiction. *Aubin v. Susi*, 149 N.C. App. 320, 324, 560 S.E.2d 875, 878 (2002). Thus, if Beneficial does not have standing, we must dismiss this appeal. *Id.* at 326, 560 S.E.2d at 880.

In *Gore v. Hill*, the purchaser of property sold at a foreclosure proceeding argued that the foreclosure was invalid because the trustee had failed to satisfy the notice requirements set forth in N.C. Gen. Stat. § 45-21.21 governing the postponement of foreclosure sales. 52 N.C. App. 620, 620, 279 S.E.2d 102, 103 *disc. review denied,*

303 N.C. 710 (1981). The Court rejected this claim. In the Court's view, section 45-21.21 provided procedural protections only for the mortgagor; the "procedural requirements of notice and hearing are designed to assure mortgagors that property which they have used to secure an indebtedness will not be foreclosed without due process of law." *Id.* at 622, 279 S.E.2d at 104. Therefore, the "plaintiff herein, purchaser of the property, was not a party protected by G.S. § 45-21.21 and . . . has no basis on which to assert that the sale was invalid because the sale was postponed in a manner not consistent with the statute." *Id.*

Likewise, here, Beneficial, as junior mortgagee, is not a party protected by the notice requirements in Chapter 45 of our General Statutes. Section § 45-21.17(4) provides that only those persons listed in N.C. Gen. Stat. § 45-21.16 and those who have filed a request for notice under § 45-21.17A are entitled to notice of sale. Section § 45-21.16(b)(3) specifically excludes holders of deeds of trust—Beneficial—from those entitled to notice. Thus, Beneficial was entitled to notice only if it had filed a request for notice, which it did not. Because Beneficial is not entitled to notice of sale, as set forth in section 45-21.16, Beneficial has no standing to dispute the adequacy of that notice on appeal. Moreover, our logical conclusion must be that because Beneficial does not have standing to contest the adequacy of notice given in this case, it does not have standing to argue that the sale was held on a holiday in contravention of § 45-21.23.

[2] Beneficial also argues that it has standing to bring an action to quiet title pursuant to N.C. Gen. Stat. § 41-10 because it claims a competing current interest in the property via the Beneficial Deed of Trust and that the improperly conducted foreclosure sale had not extinguished its interest. We disagree. Section 41-10 allows a person with a claim or interest in real property to bring an action to resolve that claim against others who assert rights or interest in the same real estate. Here, however, Beneficial is not attempting to resolve a situation where both it and Hamidpour have title to the same property. Rather, Beneficial is using § 42-10 to make the same claim that it has been making all along, and we conclude that it does not have standing to do so.

## CONCLUSION

For the reasons set forth above, we dismiss this appeal.

Dismissed.

Judges McGEE and BIGGS concur.