IN THE MATTER OF THE FORECLOSURE OF A LIEN BY RIDGELOCH HOME-OWNERS ASSOCIATION, INC. AGAINST W. MICHAEL McNEILL AND SPOUSE, IF ANY

No. COA06-991

(Filed 3 April 2007)

**1. Mortgages and Deeds of Trust— enforcement of fore-closure bid—underlying lien extinguished—order to set aside judgment**

The superior court properly set aside a judgment enforcing a foreclosure bid where the court concluded that foreclosure of a superior lien extinguished the junior lien which produced the foreclosure and judgment at issue here.

**2. Mortgages and Deeds of Trust— junior lienholder—standing**

The trustee for a junior lienholder lacked standing to challenge a foreclosure sale on the senior deed of trust in the absence of a filed request for notice of sale.

**3. Costs— Rule 60 motion—no abuse of discretion**

The superior court did not abuse its discretion in assessing the costs of a Rule 60 motion to vacate a judgment to enforce a foreclosure bid. The adjudication of costs in an action in the nature of an equitable proceeding is in the discretion of the court. The trial court's decision here was not shown to be manifestly unsupported by reason.

IN RE FORECLOSURE OF McNEILL

[182 N.C. App. 464 (2007)]

Appeal by Nelson G. Harris as Trustee for Ridgeloch Home-owners Association, Inc. from order entered 9 May 2006 by Judge Robert H. Hobgood in Wake County Superior Court. Heard in the Court of Appeals 7 March 2007.

*Harris & Hilton, P.A., by Nelson G. Harris as Trustee for Ridgeloch Homeowners Association, Inc.*

*Poyner & Spruill LLP, by Keith H. Johnson and Chad W. Essick, for appellee Jeremy Walker.*

TYSON, Judge.

Nelson G. Harris ("Harris") as trustee for Ridgeloch Homeowners Association, Inc. ("Ridgeloch") appeals from order vacating the 22 February 2006 order entered by an Assistant Clerk of Court. We affirm.

## I. Background

On 17 January 1997, W. Michael McNeill ("McNeill") executed and delivered a deed of trust on real property located in Wake County ("the McNeill property") to Anchor Financial Group, Inc. to secure payment of a promissory note. The note and deed of trust were eventually assigned to American General Finance, Inc. ("American General").

### A. Ridgeloch's Liens and Harris's Sales

On 21 January 2004, Harris filed a Claim of Lien on the McNeill property. The Claim of Lien asserted for overdue and outstanding homeowner's association dues in the amount of $2,088.18 owed to Ridgeloch.

Harris filed a Notice of Foreclosure Hearing with the Clerk of Superior Court on 6 February 2004. Ridgeloch sought to foreclose on the McNeill property based upon its Claim of Lien filed 21 January 2004. On 8 April 2004, after hearing, an Assistant Clerk of Court entered a Foreclosure Order that authorized Harris to sell the McNeill property as described in the Claim of Lien. On 26 April 2004, Harris filed a Notice of Sale of Real Estate that stated the McNeill property would be exposed for sale on 27 May 2004.

On 24 May 2004, Harris filed a Notice of Postponement of Sale of Real Estate. Harris had received notice that McNeill had filed bankruptcy. The foreclosure sale was postponed until 24 June 2004 for

Harris to determine whether or not his sale could proceed. McNeill's bankruptcy case was later dismissed. Harris filed a Re-Notice of Sale of Real Estate on 25 June 2004 that stated the McNeill property would be exposed for sale on 12 August 2004.

On 12 August 2004, Harris conducted a foreclosure sale of the McNeill property. Rodney Daw was the last and highest bidder with a bid of $3,794.12. Successive upset bids were submitted that culminated with a high bid of $16,537.50 on 9 September 2004. Also that day, McNeill filed a second petition for bankruptcy.

On 14 September 2004, Harris filed a Notice of Stay. The Notice of Stay stated McNeill had again filed for bankruptcy. McNeill's second bankruptcy petition was dismissed on 5 January 2005.

On 12 January 2005, Harris filed a Re-Notice of Sale of Real Estate that stated the McNeill property would be exposed for sale on 24 February 2005. On 24 February 2005, Harris conducted a foreclosure sale ("the Harris foreclosure sale") of the McNeill property. Overhaul, LLC was the last and highest bidder for $6,300.00. The Harris foreclosure sale was followed by ten upset bids.

On 21 April 2005, Jeremy Walker ("Walker") filed a Notice of Upset Bid—Notice to Trustee or Mortgagee on the Harris foreclosure sale. Walker bid $27,575.00 for the McNeill property and deposited $1,378.75 with the Clerk of Superior Court. No further upset bids were filed. Walker became the last and highest bidder for the Harris foreclosure sale on 3 May 2005.

On 9 May 2005, Harris submitted to Walker a proposed Trustee's Deed to convey the property pursuant to Walker's winning upset bid during the Harris foreclosure sale. Walker developed concerns about finalizing the foreclosure sale and contacted Harris. David Shearin ("Shearin"), counsel for Walker, also contacted Harris. Shearin indicated Walker was unaware his interest would be subject to the first mortgage and other liens of record filed prior to Harris's Claim of Lien when he purchased the McNeill property at the Harris foreclosure sale. Shearin indicated to Harris that Walker was unlikely to close.

On 6 June 2005, Harris filed a Motion for Order seeking an order to permit resale of the McNeill property. On 23 June 2005, an Assistant Clerk of Court entered an Order for Resale of the McNeill property.

**IN RE FORECLOSURE OF McNEILL**

[182 N.C. App. 464 (2007)]

## B. The Glass Foreclosure Sale

On 28 March 2005, Philip A. Glass ("Glass"), as substitute trustee on the deed of trust held by American General, held a separate foreclosure sale ("the Glass foreclosure·sale"). The high bid at the Glass foreclosure sale and conveyance was also followed by successive upset bids.

On 24 June 2005, the Glass foreclosure sale and conveyance was completed upon the recordation of a Substitute Trustee's Deed for the McNeill property. Glass's Substitute Trustee's Deed conveyed the McNeill property to the highest bidder, Kendall Moragne.

On 28 June 2005, Harris filed a Notice of Resale of Real Estate that stated the McNeill property would be exposed for sale on 28 July 2005. On 29 July 2005, Ridgeloch was the last and highest bidder at the resale with a bid of $1.00.

## C. Harris's Motion for Judgment

On 9 August 2005, Harris filed a Motion For Judgment Against Walker and moved the Clerk of Court for entry of judgment against Walker pursuant to N.C. Gen. Stat. § 45-21.30. On 1 September 2005, an Assistant Clerk of Court entered judgment against Walker and found: (1) Walker was the last and highest bidder during the Harris foreclosure sale of the McNeill property; (2) Walker did not honor his bid; (3) the McNeill property had been resold for $1.00; and (4) Walker was obligated to Harris for the difference between his bid of $27,575.00 and the ultimate sales price of $1.00, plus resale costs of $550.00. An Assistant Clerk of Court ordered Walker's bid deposit of $1,378.00 to be delivered to Harris and applied to the judgment. Harris collected Walker's bid deposit and proceeded to attempt to enforce the judgment.

## D. Walker's Motion to Vacate Judgment

On 6 February 2006, Walker filed a Motion to Vacate Judgment pursuant to N.C. Gen. Stat. § 1A-1, Rule 60(b). On 22 February 2006, an Assistant Clerk of Court denied Walker's motion. Walker filed a Notice of Appeal to the Superior Court.

On 9 May 2006, the Superior Court ordered the judgment against Walker vacated pursuant to N.C. Gen. Stat. § 1A-1, Rule 60(b) and concluded:

11. Since Ridgeloch's lien was junior in priority to the [American General] Deed of Trust, Ridgeloch's lien was extinguished by [American General's] foreclosure on the property, which was consummated by the tender of a deed on June 28, 2005. As a result, [Harris], as the appointed trustee in this foreclosure proceeding on Ridgeloch's lien, should have ceased all efforts to foreclose on the property as of June 28, 2005, when Ridgeloch's lien was extinguished. Thus, the resale of the property that [Harris] subsequently held on July 28, 2005, at which Ridgeloch was the only bidder at $1.00, was not a valid resale. Therefore, it was not proper for Harris to seek a judgment against Walker based upon the results of the invalid July 28, 2005 resale pursuant to G.S. 45-21.30(d).

. . . .

13. Walker's costs associated with bringing his Motion to Vacate the Judgment are taxed against Ridgeloch.

Harris appeals.

## II.  Issues

Harris contends the superior court erred by concluding: (1) Ridgeloch should have ceased all efforts to foreclose on the McNeill property as of 28 June 2005; (2) the foreclosure sale was invalid; (3) that the judgment against Walker should be set aside; and (4) imposing costs upon Ridgeloch.

## III.  Standard of Review

"When a proceeding before the clerk is brought before the superior court, the court's jurisdiction is not appellate or derivative; it is original." *Hassell v. Wilson*, 301 N.C. 307, 311, 272 S.E.2d 77, 80 (1980). The superior court had original jurisdiction to adjudicate *de novo* Walker's Motion to Vacate Judgment pursuant to N.C. Gen. Stat. § 1A-1, Rule 60(b). N.C. Gen. Stat. § 1-301.1(b) (2005).

Priority of interests in land is a question of law. *Hood, Comr. of Banks, v. Landreth*, 207 N.C. 621, 623, 178 S.E. 222, 223 (1935). We review the superior court's conclusions of law *de novo*. *Starco, Inc. v. AMG Bonding and Ins. Services*, 124 N.C. App. 332, 336, 477 S.E.2d 211, 215 (1996).

## IV.   The Harris Foreclosure Sale

### A.  No Statutory Authority

**[1]** Harris asserts the superior court's conclusion of law that Ridgeloch improperly sought judgment against Walker was error and argues "there is no statutory or other authority for the proposition that Harris should not complete the foreclosure sale in this case." We disagree.

The superior court found that: (1) American General held a senior mortgage or deed of trust on the McNeill property that was executed, delivered, and recorded on 17 January 1997; (2) on 21 January 2004, Ridgeloch obtained a junior lien on the McNeill property when Harris filed a Claim of Lien; and (3) the Glass foreclosure sale on American General's senior deed of trust was completed and Glass's trustee's deed was tendered and recorded on 28 June 2005.

The superior court's findings of fact were not excepted to by Harris and are binding on appeal. *See Schloss v. Jamison*, 258 N.C. 271, 275, 128 S.E.2d 590, 593 (1962) ("Where no exceptions have been taken to the findings of fact, such findings are presumed to be supported by competent evidence and are binding on appeal.").

Long settled case law holds, "The sale [under a mortgage or deed of trust] . . . cuts out and extinguishes all liens, encumbrances and junior mortgages executed subsequent to the mortgage containing the power." *Dunn v. Oettinger Bros.*, 148 N.C. 276, 282, 61 S.E. 679, 681 (1908) (citing *Paschal v. Harris*, 74 N.C. 335 (1876)). "Ordinarily, all encumbrances and liens which the mortgagor or trustor imposed on the property subsequent to the execution and recording of the senior mortgage or deed of trust will be extinguished by sale under foreclosure of the senior instrument." *Realty Co. v. Wysor*, 272 N.C. 172, 175, 158 S.E.2d 7, 10 (1967) (citing *Trust Co. v. Foster*, 211 N.C. 331, 190 S.E. 522 (1937)).

The superior court concluded: (1) American General's foreclosure on the property was consummated with delivery and recordation of the trustee's deed on 28 June 2005 and extinguished Ridgeloch's junior lien; (2) Harris should have ceased all efforts to foreclose on the McNeill property as of 28 June 2005; (3) Harris's final foreclosure sale was invalid; and (4) that the resulting judgment against Walker is to be set aside.

American General's foreclosure pursuant to a prior recorded and senior deed of trust on the McNeill property consummated 28 June

2005 extinguished Ridgeloch's junior lien on the property. *Dunn,* 148 N.C. at 282, 61 S.E. at 681. Harris's "petition was *functus officio* by a sale under the power in [American General's senior deed of trust]." *Paschal,* 74 N.C. at 338. The superior court properly ordered the judgment against Walker to be set aside. This assignment of error is overruled.

## B. The Glass Foreclosure Sale

[2] Harris also argues the superior court erred because insufficient evidence showed whether the Glass foreclosure sale on American General's senior deed of trust was conducted in a proper fashion. We disagree.

This Court addressed a similar argument in *Benefit Mortg. Co. v. Hamidpour,* where a junior mortgagee, challenged a senior mortgagee's foreclosure sale. 155 N.C. App. 641, 643, 574 S.E.2d 163, 165 (2002), *disc. rev. denied,* 357 N.C. 163, 580 S.E.2d 359 (2003). This Court concluded the junior mortgagee did not file a request for notice of sale and dismissed the appeal. *Id.* The junior mortgagee failed to file a request for notice of sale and lacked standing to challenge either the adequacy of notice provided by the senior mortgagee or whether the senior mortgagee's sale violated other statutes. 155 N.C. App. at 644, 574 S.E.2d at 166.

Here, either Harris, as Trustee, or Ridgeloch, holder of the junior lien on the McNeill property, could have filed a request for notice of foreclosure sale on American General's senior deed of trust. N.C. Gen. Stat. § 45-21.17A(a) (2005) states, in relevant part:

Any person desiring a copy of any notice of sale may, at any time subsequent to the recordation of the security instrument and prior to the filing of notice of hearing provided for in G.S. 45-21.16, cause to be filed for record in the office of the register of deeds of each county where all or any part of the real property is situated, a duly acknowledged request for a copy of such notice of sale.

Absent from the record on appeal is any evidence Harris or Ridgeloch recorded a request for notice of sale of the McNeill property. In the absence of a filed request for notice of sale, Harris lacks standing to challenge the Glass foreclosure sale on the senior deed of trust held by American General. *Benefit Mortg. Co.,* 155 N.C. App. at 644, 574 S.E.2d at 166. This assignment of error is dismissed.

**IN RE FORECLOSURE OF McNEILL**

[182 N.C. App. 464 (2007)]

## V.  Imposing Costs

**[3]** Harris argues the superior court erred when it concluded "Walker's costs associated with bringing his Motion to Vacate the Judgement are taxed against Ridgeloch." We disagree.

Walker moved to vacate the judgment against him pursuant to N.C. Gen. Stat. § 1A-1, Rule 60(b). Our Supreme Court has stated the language of Rule 60(b) "gives the court ample power to vacate judgments whenever such action is appropriate to accomplish justice." *Brady v. Town of Chapel Hill*, 277 N.C. 720, 723, 178 S.E.2d 446, 448 (1971) (internal quotation and citation omitted).

This Court has described Rule 60(b) "as a grand reservoir of equitable power to do justice in a particular case." *Jim Walter Homes, Inc. v. Peartree*, 28 N.C. App. 709, 712, 222 S.E.2d 706, 708 (1976) (internal quotation and citation omitted).

Long ago, our Supreme Court stated when the action "has been in the nature of an equitable proceeding, . . . the adjudication of the costs is in the discretion of the court." *Hare v. Hare*, 183 N.C. 419, 421, 111 S.E. 620, 621 (1922) (citing *Parton v. Boyd*, 104 N.C. 422, 10 S.E. 490 (1889); *Yates v. Yates*, 170 N.C. 533, 87 S.E. 317 (1915)). "This Court may reverse for abuse of discretion only upon a showing that the trial court's order is 'manifestly unsupported by reason.' " *Clark v. Penland*, 146 N.C. App. 288, 291, 552 S.E.2d 243, 245 (2001) (quoting *Cheek v. Poole*, 121 N.C. App. 370, 374, 465 S.E.2d 561, 564 (1996), *cert. denied*, 343 N.C. 305, 471 S.E.2d 68 (1996)). Here, Harris has failed to show the trial court's decision to award costs to Walker was "manifestly unsupported by reason." *Id.* This assignment of error is overruled.

## VI.  Conclusion

The superior court properly concluded: (1) Harris should have ceased all efforts to foreclose on the McNeill property as of 28 June 2005; (2) the Harris foreclosure sale was not valid; and (3) the judgment against Walker should be set aside.

Harris failed to file a request for notice of sale. Harris lacks standing to challenge whether the Glass foreclosure sale on the senior deed of trust held by American General was conducted in a proper fashion. This assignment of error is dismissed. *Benefit Mortg. Co.*, 155 N.C. App. at 644, 574 S.E.2d at 166.

IN RE C.T. & R.S.

[182 N.C. App. 472 (2007)]

Harris has failed to show that the superior court abused its discretion by concluding "Walker's costs associated with bringing his Motion to Vacate the Judgement are taxed against Ridgeloch." The superior court's order is affirmed.

Affirmed.

Judges ELMORE and GEER concur.