DAVID OUTEN, Personally, and as President of Southeastern Canopy Corp., and DEBORAH OUTEN, Plaintiffs v. RONALD MICAL and WANDA MICAL, Defendants

No. 9421SC199

(Filed 21 March 1995)

**1. Corporations § 146 (NCI4th)— misappropriation of corporate funds—award to plaintiff individually error**

In an action for misappropriation of funds of a Subchapter S corporation, the trial court erred in entering a judgment awarding damages to plaintiff president individually instead of to the corporation, since plaintiff did not show that he suffered a loss different from the loss to the corporation; plaintiff was not a minority shareholder and therefore entitled to bring an individual suit because the corporation was dominated by defendant; and

awarding damages directly to plaintiff shareholder could impair the rights of creditors whose claims might be superior to that of plaintiff.

**Am Jur 2d, Corporations § 2400.**

2. **Corporations § 108 (NCI4th)— misappropriation of corporate funds—amount of damages—sufficiency of evidence**

In an action for misappropriation of corporate funds, the trial court did not abuse its discretion in determining that there was sufficient evidence presented at trial to support the jury's award of $60,000 in damages.

**Am Jur 2d, Corporations §§ 1842-1845.**

3. **Corporations § 108 (NCI4th)— misappropriation of corporate funds—insufficiency of evidence**

The evidence was insufficient to support a claim for misappropriation of corporate funds against plaintiff president where the evidence tended to show that the funds in question were used for corporate purposes.

**Am Jur 2d, Corporations §§ 1842-1845.**

Judge GREENE concurring in part and dissenting in part.

Appeal by defendants from judgment entered 28 October 1993 by Judge Julius A. Rousseau, Jr. in Forsyth County Superior Court. Heard in the Court of Appeals 10 January 1995.

Plaintiff David Outen (hereinafter plaintiff) and defendant Ronald Mical (hereinafter defendant) are first cousins. In March 1988 they formed a Subchapter S corporation, Southeastern Canopy Corporation, to install canopies of the kind typically found at self-service gas stations. Plaintiff and defendant were each fifty percent shareholders in the corporation. Plaintiff was president of the corporation and defendant was secretary-treasurer. Defendant's wife acted as bookkeeper for the corporation.

Plaintiff and defendant ceased doing business together in April 1992. On 15 May 1992, plaintiff filed a complaint "in his own behalf and on behalf of all other stockholders of The Corporation similarly situated, in the right of The Corporation and for its benefit." The complaint alleged fourteen causes of action including breach of fiduciary duty, fraud, and misappropriation of funds. Plaintiff alleged *inter alia*

OUTEN v. MICAL

[118 N.C. App. 263 (1995)]

that defendants had used corporate funds for their personal use throughout the existence of the corporation. In their answer, defendants generally denied the claims and counterclaimed, alleging that plaintiffs had misappropriated funds, had not fulfilled fiduciary duties, had made material misrepresentations, and had committed fraud.

At trial at the close of plaintiffs' evidence, the trial court directed a verdict in favor of defendants as to all of plaintiffs' claims except the claim for misappropriation of corporate funds. At the close of defendants' evidence, the trial court granted a directed verdict in favor of plaintiffs as to defendants' counterclaim. During the charge conference, plaintiff's counsel renewed his request that an issue on punitive damages be submitted to the jury. The trial court denied the motion. The issues submitted to the jury read:

1. Did Ronald Mical misappropriate funds or assets of Southeastern Canopy Corporation?

   Answer: ____

2. What amount of damages, if any, is the plaintiff entitled to recover of Ronald Mical?

   Answer: ____

3. Did Wanda Mical misappropriate funds or assets of Southeastern Canopy Corporation?

   Answer: ____

4. What amount of damages, if any, is the plaintiff entitled to recover of Wanda Mical?

   Answer: ____

The jury found that defendants had misappropriated funds and that plaintiff was entitled to recover $20,000 in damages from defendant and $40,000 in damages from defendant's wife. Defendants' counsel moved to set aside the verdict pursuant to Rule 59 of the North Carolina Rules of Civil Procedure, arguing that the verdict was "against the weight of the evidence and the weight of the trial." The trial court denied the motion and entered judgment on 28 October 1993.

Defendants appeal.

**OUTEN v. MICAL**

[118 N.C. App. 263 (1995)]

*Bennett & Blancato, LLP, by William A. Blancato, for defendant-appellants.*

*Dummit & Associates, by E. Clarke Dummit, for plaintiff-appellees.*

EAGLES, Judge.

I.

**[1]** Defendants argue that the trial court erred by entering a judgment that runs in favor of plaintiff personally. "Ordinarily stockholders have no right in their name to enforce causes of action accruing to the corporation." *Fulton v. Talbert*, 255 N.C. 183, 185, 120 S.E.2d 410, 412 (1961). Thus, in a derivative action, the recovery goes to the corporation. Russell M. Robinson, II, *Robinson On North Carolina Corporation Law* § 17.2(a) (1990). However, a shareholder may attempt to bring a direct cause of action in addition to a derivative action and might be able to recover individual damages if the shareholder can " 'allege a loss peculiar to himself' by reason of some special circumstances or special relationship to the wrongdoers." Russell M. Robinson, II, *Robinson On North Carolina Corporation Law* § 17.2(a) (1990), *citing Howell v. Fisher*, 49 N.C. App. 488, 272 S.E.2d 19 (1980), *review denied*, 302 N.C. 218, 277 S.E.2d 69 (1981).

Here, plaintiffs argue that plaintiff and defendant had a special relationship because each was a fifty percent shareholder in this closely-held corporation. While plaintiff and defendant may have had a special relationship because each was a fifty percent shareholder, plaintiff did not show that he suffered a loss different from the loss to the corporation. The loss alleged resulted from the misappropriation of corporate funds. *See Howell* at 498, 272 S.E.2d at 26 (stating that a plaintiff may maintain an individual action only where the plaintiff suffered damages "distinct from any damages suffered by the corporation").

Plaintiffs also rely on *Fulton v. Talbert*, 255 N.C. 183, 120 S.E.2d 410 (1961) to argue that when the corporation is powerless to act, a shareholder may bring the suit individually. In *Fulton*, our Supreme Court stated that a **minority** shareholder may bring an individual suit "where the corporation is so dominated and controlled by a wrongdoer as to be powerless to act." *Fulton* at 185, 120 S.E.2d at 412. Here, plaintiff was not a minority shareholder and the record does not show

that the corporation was dominated by defendant. Plaintiffs' reliance on *Fulton* is misplaced.

Finally, plaintiffs argue that because Southeastern Canopy Corporation was a closely-held corporation, different rules should apply. Indeed, "[i]n an appropriate [closely-held corporation] case, a court might exercise its discretion to treat an action raising derivative claims as a direct action." Russell M. Robinson, II, *Robinson On North Carolina Corporation Law* 17.2(c) (1990). However, the cases cited by Robinson mainly deal with situations where a minority shareholder has alleged corruption by majority shareholders, and as we concluded above, this is not a minority-majority shareholder situation. Our concern here is to protect the rights of possible creditors of Southeastern Canopy Corporation. In *Schachter v. Kulik*, 547 N.E.2d 71 (N.Y. 1989), two shareholders each owned fifty percent of the closely-held corporation's stock and one shareholder sued the other for diversion of corporate assets. The innocent shareholder sued derivatively and individually. In holding that the damages should be recovered in the name of the corporation, the court stated that "[a]warding [damages] directly to a shareholder could impair the rights of creditors whose claims may be superior to that of the innocent shareholder." *Schachter*, 547 N.E.2d at 74. Accordingly, plaintiff's argument that special rules should apply here is without merit.

Plaintiffs have failed to show that they maintained a direct action in addition to or in lieu of a derivative action. Accordingly, the trial court erred in entering a judgment awarding damages to plaintiff individually. The damages should have been awarded in favor of the corporation.

## II.

[2] Defendants also argue that the trial court erred in refusing to grant a new trial because the evidence was insufficient to support the verdict. In their brief, defendants focus on the amount of damages awarded by the jury, asserting that the amount of damages was not supported by the evidence. A trial court's decision on a motion for a new trial is not reviewable on appeal absent an abuse of discretion. *Hord v. Atkinson*, 68 N.C. App. 346, 353, 315 S.E.2d 339, 343 (1984), *citing Worthington v. Bynum*, 305 N.C. 478, 484, 290 S.E.2d 599, 603 (1982). Here, the jury awarded plaintiff $60,000 in damages. By their own summary of the evidence, which does not include all of the evidence concerning alleged misappropriations, defendants show that after July of 1989 defendant's wife allegedly misappropriated

$24,467.41 and that defendant misappropriated $14,375.00. In their brief, plaintiffs point out that the jury had before it evidence that plaintiffs were subject to an $80,000 Internal Revenue Service (hereinafter IRS) lien. We hold that the trial court did not abuse its discretion in determining that there was sufficient evidence presented at trial to support the jury's award of $60,000 in damages.

### III.

**[3]** Finally, the defendants argue that the trial court erred by granting plaintiffs' motion for a directed verdict as to defendants' counterclaim. In deciding whether to grant a motion for directed verdict, the trial court must determine whether the evidence, viewed in the light most favorable to the non-moving party, is sufficient to take the case to a jury. *Freese v. Smith*, 110 N.C. App. 28, 33, 428 S.E.2d 841, 845 (1993). "In making this determination, a directed verdict should be denied if there is more than a scintilla of evidence supporting each element of the nonmovant's case." *Freese* at 33-34, 428 S.E.2d at 845, *citing Snead v. Holloman*, 101 N.C. App. 462, 400 S.E.2d 91 (1991). Defendants' counterclaim included allegations that plaintiff misappropriated corporate funds, breached his fiduciary duty, made material misrepresentations and committed fraud. In their brief, defendants argue only that the trial court erred in granting plaintiffs' directed verdict as to defendants' misappropriation of funds claim. Accordingly, we limit our review to the misappropriation of funds counterclaim. Defendants' other theories of recovery are deemed abandoned. N.C. R. App. P. 28(b)(5).

In its jury instructions, the trial court explained that to find misappropriation, a party must prove that the accused (1) misappropriated funds, i.e. used funds for a purpose that does not benefit the corporation; (2) converted the funds for a use not beneficial to the corporation; and (3) converted the funds without authority. In their brief, defendants argue that they presented sufficient evidence at trial of plaintiff's misappropriation of money in a First Citizens bank account and of $1500 in another corporate account. We have carefully reviewed the record and transcripts and have found references to the First Citizens bank account and to $1500 that plaintiff used to pay an attorney for allegedly corporate-related purposes. We conclude that the evidence is insufficient to support a claim for misappropriation of corporate funds. Accordingly, we hold that the trial court did not err in granting plaintiffs' directed verdict motion as to defendants' counterclaim.

**OUTEN v. MICAL**

[118 N.C. App. 263 (1995)]

Affirmed in part and remanded in part for entry of damages in favor of the corporation.

Judge WALKER concurs.

Judge GREENE concurs in part and dissents in part.

Judge GREENE concurring in part and dissenting in part.

Although I agree the trial court erred in entering its judgment for the plaintiff individually, I disagree with the holding of the majority that the judgment must be entered for the corporation. Otherwise, I concur in the opinion of the majority.

This action was filed in the name of David Outen, individually and as president of the corporation. The issues submitted to the jury required it to determine the amount of damages the "plaintiff" was entitled to recover of the defendants. The judge instructed the jury that the word "plaintiff" had reference to "David Outen personally and as president of the corporation." The defendants did not object at trial to either the issues or the jury instructions. Accordingly, they cannot on appeal now argue that the corporation is the only proper plaintiff. N.C. R. App. P. 10(b) (objections not made before trial court are waived).

Because, however, the judgment entered by the trial court does not conform to the jury verdict, I would reverse the judgment in favor of the individual plaintiff and remand for entry of a judgment in favor of "David Outen personally and as president of the corporation." Neither the trial court nor this Court is permitted to enter a judgment inconsistent with the verdict of the jury. *Southeastern Fire Ins. Co. v. Walton*, 256 N.C. 345, 348, 123 S.E.2d 780, 783 (1962).