TERRY WAYNE DAWSON, D.D.S., Plaintiff v. ATLANTA DESIGN ASSOCIATES, INC., and ATLANTA DESIGN ASSOCIATES—N.C., INC., Defendants

No. COA00-1031

(Filed 17 July 2001)

**Parties— real party in interest—breach of contract—professional negligence—special duty—construction of dental facility**

The trial court erred in a professional negligence and breach of contract action concerning the construction and design of a dental facility by requiring plaintiff dentist to substitute his limited liability company as the party plaintiff in this action based on the company's ownership of the property upon which the dental facility was designated to be constructed, because: (1) the general rule that a shareholder or member cannot pursue an individual cause of action against a third party for wrongs or injuries to the corporation or company is not applicable to plaintiff's claims since the claims do not allege, and the record does not reveal, an injury to the limited liability company; (2) plaintiff is a real party in interest under N.C.G.S. § 1A-1, Rule 17; and (3) plaintiff's individual contract with defendants creates a special duty running from defendants to plaintiff.

Judge Timmons-Goodson dissenting.

DAWSON v. ATLANTA DESIGN ASSOCS., INC.

[144 N.C. App. 716 (2001)]

Appeal by plaintiff from order filed 26 April 2000 by Judge W. Douglas Albright in Guilford County Superior Court. Heard in the Court of Appeals 5 June 2001.

*Wyatt Early Harris & Wheeler, L.L.P., by Lee M. Cecil, for plaintiff-appellant.*

*Keziah, Gates & Samet, L.L.P., by Andrew S. Lasine; and Hotz & Associates, PC, by Walter H. Hotz, for defendant-appellees.*

GREENE, Judge.

Terry Wayne Dawson, D.D.S. (Plaintiff) appeals an order filed 26 April 2000 requiring him to substitute Boykin-Dawson, L.L.C. as the party plaintiff in his action against Atlanta Design Associates, Inc. and Atlanta Design Associates—N.C., Inc. (Atlanta Design) (collectively, Defendants).

The record shows that on 16 May 1994, Plaintiff and Craig E. Boykin (Boykin) entered into a contract with Defendants pursuant to which Defendants were to design a dental facility in High Point. Boykin-Dawson, L.L.C., a limited liability company owned by Plaintiff, Plaintiff's spouse, Boykin, and Boykin's spouse, owned the property upon which the dental facility was designated to be constructed. Construction of the facility was completed in July 1996 and, subsequent to taking possession of the facility, Plaintiff "found numerous and significant deficiencies in both construction and design." On 28 December 1998, Plaintiff filed a complaint against Defendants alleging claims for breach of contract and professional negligence. Plaintiff's breach of contract claim alleged he suffered damages as a result of "numerous breaches" by Defendants of their 16 May 1994 contract with Plaintiff. Additionally, Plaintiff's professional negligence claim alleged numerous "unreasonable and negligent acts" by Defendants in their performance of the 16 May 1994 contract. Plaintiff alleged the "unreasonable and negligent acts . . . were the direct and proximate cause of damage to . . . Plaintiff."

In an order filed 23 July 1999, the trial court, upon Atlanta Design's motion, joined Boykin as a proper party pursuant to Rule 20 of the North Carolina Rules of Civil Procedure. Atlanta Design then filed a counterclaim against Boykin; however, Atlanta Design dismissed its counterclaim against Boykin on 28 January 2000.

In a motion dated 7 April 2000, Defendants moved to dismiss Plaintiff's claims against them pursuant to the following North

Carolina Rules of Civil Procedure: 12(b)(6) (failure to state a claim upon which relief can be granted); 12(b)(7) (failure to join a necessary party); 17 (failure to join a real party in interest); and 19 (failure to join those united in interest as plaintiffs or defendants). In support of the motion to dismiss, Defendants alleged the following:

> 2. Plaintiff is a member of Boykin-Dawson[, L.L.C.], a limited liability [company] which owns the land and building for which the design services of which [P]laintiff[] complains were provided.

> 3. As a member of Boykin-Dawson, [L.L.C.], the owner of the land and building, [P]laintiff lacks standing to maintain this action, individually, and [P]laintiff's actions should therefore be dismissed[.]

A hearing was held on Defendants' motion to dismiss on or about 24 April 2000. Subsequent to the hearing, the trial court found "that the damages alleged by [P]laintiff, if any, were suffered by Boykin-Dawson, L.L.C., rather than [P]laintiff, individually." The trial court, therefore, ordered "that Boykin-Dawson, L.L.C., as the real party in interest, shall be substituted as the plaintiff . . . within ten (10) days of the date of this Order." Additionally, the trial court ordered "that [D]efendants' Motion to Dismiss is denied, without prejudice, and may be renewed if Boykin-Dawson, L.L.C., is not substituted as the party plaintiff as required by this Order."

---

The dispositive issue is whether Plaintiff alleged in his complaint injuries to Boykin-Dawson, L.L.C. and/or whether the record contains evidence Boykin-Dawson, L.L.C. suffered injuries as a result of the wrongs alleged in Plaintiff's complaint.

Initially, we note the trial court's 26 April 2000 order does not dispose of this case but requires further action by the trial court; therefore, the 26 April 2000 order is interlocutory. *Veazey v. Durham*, 231 N.C. 357, 362, 57 S.E.2d 377, 381 (1950). Thus, because Plaintiff's appeal is from an interlocutory order that does not affect a substantial right, the appeal is subject to dismissal. N.C.G.S. § 1-277 (1999). Nevertheless, pursuant to Rule 2 of the North Carolina Rules of Appellate Procedure, we treat Plaintiff's appeal as a petition for writ certiorari and grant the petition. *See Kimzay Winston-Salem, Inc. v. Jester*, 103 N.C. App. 77, 79, 404 S.E.2d 176, 177, *disc. review denied*, 329 N.C. 497, 407 S.E.2d 534 (1991).

Rule 17 of the North Carolina Rules of Civil Procedure provides that "[e]very claim shall be prosecuted in the name of the real party in interest." N.C.G.S. § 1A-1, Rule 17 (1999). "The real party in interest is the party who by substantive law has the legal right to enforce the claim in question." *Reliance Insurance Co. v. Walker*, 33 N.C. App. 15, 19, 234 S.E.2d 206, 209, *disc. review denied*, 293 N.C. 159, 236 S.E.2d 704 (1977).

Generally, shareholders of a corporation or members of a company " 'cannot pursue individual causes of action against third parties for wrongs or injuries to the [corporation or company] that result in the diminution or destruction of the value of their stock [or membership interest].' " *Energy Investors Fund, L.P. v. Metric Constuctors, Inc.*, 351 N.C. 331, 335, 525 S.E.2d 441, 444 (2000) (quoting *Barger v. McCoy Hillard & Parks*, 346 N.C. 650, 658, 488 S.E.2d 215, 219 (1997)).[1] "The only two exceptions to this rule are: (1) a plaintiff alleges an injury 'separate and distinct' to himself, or (2) the injuries arise out of a 'special duty' running from the alleged wrongdoer to the plaintiff." *Id.* A "special duty" exists when the alleged wrongdoer owed a duty "directly to the shareholder [or member] as an individual." *Barger*, 346 N.C. at 659, 488 S.E.2d at 220. A "special duty" may "arise from contract." *Id.*

In this case, Plaintiff alleged claims against Defendants for breach of contract and professional negligence arising out of Plaintiff's 16 May 1994 contract with Defendants. Plaintiff's claims do not allege injuries to Boykin-Dawson, L.L.C., and the record does not contain any evidence that Boykin-Dawson, L.L.C. was injured as a result of the alleged breach of contract and/or negligence of Defendants. Thus, the general rule that a shareholder or member cannot pursue an individual cause of action against a third party for *wrongs or injuries to the corporation or company* is not applicable to Plaintiff's claims. Plaintiff, therefore, is a real party in interest under Rule 17 and is not precluded from bringing his claims against Defendants. Additionally, even assuming Boykin-Dawson, L.L.C. suffered injuries as a result of the wrongs alleged in Plaintiff's complaint, Plaintiff's individual contract with Defendants creates a "special duty" running from Defendants to Plaintiff. Plaintiff, therefore, has a legal right to bring the claims in question and is a real party in

---

1. We acknowledge that the business entity at issue in *Energy Investors* was a partnership, while the business entity at issue in the case *sub judice* is a limited liability company. Neither party argues in its brief to this Court, and we see no reason why, the teaching of *Energy Investors* should not apply to limited liability companies.

interest. The trial court, therefore, erred by ordering Plaintiff to substitute Boykin-Dawson, L.L.C. as the real party in interest.[2] Accordingly, the trial court's 26 April 2000 order is reversed and this case is remanded.

Reversed and remanded.

Judge BRYANT concurs.

Judge TIMMONS-GOODSON dissents.

TIMMONS-GOODSON, Judge, dissenting.

I disagree with the majority that this interlocutory appeal which affects no substantial right should be heard pursuant to the Court's discretion under Rule 2 of the North Carolina Rules of Appellate Procedure. I, therefore, respectfully dissent.

The order is interlocutory because it is not a final determination of all of the claims. *Leasing Corp. v. Myers*, 46 N.C. App. 162, 265 S.E.2d 240 (1980). Interlocutory orders are appealable only as allowed by North Carolina Rule of Civil Procedure 54(b) or North Carolina General Statutes sections 1-277 and 7A-27(d). *See* N.C. Gen. Stat. § § 1A-1, Rule 54(b); 1-277; and 7A-27(d) (1999). Because the trial court's order does not contain a Rule 54(b) certification that there is no just reason for delay, plaintiff's right to an immediate appeal, if one exists, depends on whether the order affects a substantial right. *Hudson-Cole Dev. Corp. v. Beemer*, 132 N.C. App. 341, 511 S.E.2d 309 (1999). No substantial right has been identified by the majority. In fact, the majority concedes that "Plaintiff's appeal is from an interlocutory order that does not affect a substantial right." "If an appealing party has no right of appeal, an appellate court . . . should dismiss the appeal." *Waters v. Personnel, Inc.*, 294 N.C. 200, 201, 240 S.E.2d 338, 340 (1978) (citations omitted).

Rule 2 of the North Carolina Rules of Appellate Procedure provides for the suspension of rules by an appellate court.

To prevent manifest injustice to a party, or to expedite decision in the public interest, either court of the appellate division may, except as otherwise expressly provided by these rules, suspend

---

2. The parties do not raise the issue of whether Boykin is a necessary party pursuant to Rule 19 of the North Carolina Rules of Civil Procedure. We, therefore, do not address this issue.

**DAWSON v. ATLANTA DESIGN ASSOCS., INC.**

[144 N.C. App. 716 (2001)]

or vary the requirements or provisions of any of these rules in a case pending before it upon application of a party or upon its own initiative, and may order proceedings in accordance with its directions.

N.C. R. App. P. 2. The majority has pointed towards no manifest injustice that is prevented by hearing this appeal. The North Carolina Supreme Court has recently spoken to the limited nature of Rule 2 as follows:

> While it is certainly true that Rule 2 has been and may be so applied in the discretion of the Court, we reaffirm that Rule 2 relates to the residual power of our appellate courts to consider, in exceptional circumstances, significant issues of importance in the public interest, or to prevent injustice which appears manifest to the Court and only in such instances.

*Steingress v. Steingress*, 350 N.C. 64, 66, 511 S.E.2d 298, 299-300 (1999). I do not believe such public interest or manifest injustice is implicated in this case. Rather, the Court's ruling encourages the very kind of "fragmentary, premature, and unnecessary appeals" that the rules prohibiting the appeal of interlocutory orders are intended to prevent. *Waters*, 294 N.C. at 207, 240 S.E.2d at 343. Consequently, I would dismiss the appeal as interlocutory.

Based on the foregoing, I respectfully dissent.