LOIS AUBIN, Plaintiff v. ANTHONY A. SUSI, NEW HARBORGATE CORPORATION, and BLUEBIRD CORPORATION, Defendants

No. COA01-427

(Filed 19 March 2002)

**1. Corporations— closely-held—shareholder—individual claims**

Plaintiff shareholder of a closely-held corporation did not have standing to maintain a direct action seeking recovery against defendants based upon her allegations of fraud, constructive fraud, and unfair and deceptive trade practices, because: (1) plaintiff, as a fifty percent shareholder, cannot maintain an action against defendants for her individual recovery absent a showing that she has sustained a loss peculiar to herself by reason of some special circumstances or special relationship to defendants; and (2) plaintiff failed to show that she has sustained a loss different from that sustained by the corporation.

**2. Costs— attorney fees—shareholder derivative claims**

The trial court erred in a fraud, constructive fraud, and unfair and deceptive trade practices case by denying plaintiff shareholder's motion for attorney fees under N.C.G.S. § 55-7-46(1) based upon her derivative claims, because: (1) even though the award is within the trial court's discretion, the trial court was required to at least consider whether the proceeding resulted in a substantial benefit to the corporation and whether such benefit warranted any award of fees; and (2) N.C.G.S. § 55-7-46 does not require that plaintiff be a successful litigant in order to recover attorney fees based upon her derivative claims.

Judge GREENE concurring in the result.

AUBIN v. SUSI

[149 N.C. App. 320 (2002)]

Appeal by plaintiff from judgment entered 2 October 2000, from an order denying plaintiff's motion for attorney's fees entered 2 October 2000, and from an order denying plaintiff's motion for a new trial entered 8 November 2000 by Judge W. Erwin Spainhour in Davidson County Superior Court. Heard in the Court of Appeals 22 January 2002.

> *Brinkley Walser, P.L.L.C., by G. Thompson Miller, for plaintiff-appellant.*
>
> *Brooks, Pierce, McLendon, Humphrey & Leonard, LLP, by Reid L. Phillips, for defendant-appellees.*

HUNTER, Judge.

Lois Aubin ("plaintiff") appeals the grant of a directed verdict in favor of Anthony A. Susi ("Susi"), New Harborgate Corporation (formerly and hereinafter "The Susi Corporation") and Bluebird Corporation ("Bluebird") (collectively "defendants") on her claims of fraud, constructive fraud, and unfair and deceptive practices. She further appeals the trial court's denial of her motions for attorney's fees and a new trial. We vacate the trial court's 2 October 2000 judgment granting a directed verdict in favor of defendants, and remand for entry of an order dismissing plaintiff's claims for lack of standing. We reverse the trial court's 2 October 2000 order denying plaintiff's motion for attorney's fees on her derivative claim, and remand for further proceedings.

This case stems from events surrounding the purchase of Harborgate, a development located on High Rock Lake in Davidson County, North Carolina. Plaintiff and Susi are each fifty percent shareholders of Bluebird, a New York corporation formed in 1997 to purchase and sell commercial property. Plaintiff and Susi had a written agreement whereby Susi would loan money to Bluebird to acquire or improve property, and plaintiff would assist in day to day business operations, including the marketing of Bluebird properties. Plaintiff alleged that in January 1998, she discovered the Harborgate development as a potential property for Bluebird to acquire. Both plaintiff and Susi visited the property, and negotiations for Bluebird's purchase of Harborgate commenced. In July 1998, Bluebird purchased four lots in Harborgate, and retained an option to purchase the remaining lots.

In September 1998, plaintiff and Susi met to discuss the purchase of the remainder of Harborgate. During this meeting, Susi expressed

to plaintiff that he did not feel she should have a fifty percent interest in Harborgate. According to plaintiff, Susi suggested that the profits should be split one-third for plaintiff, two-thirds for Susi. Plaintiff disagreed, and the two did not come to a resolution about their ownership percentage, nor did they ever discuss the matter again.

A closing for the purchase of Harborgate was set for 15 January 1999. Plaintiff alleged that when she arrived at the closing, Susi and Bluebird's attorney explained to her that they were going to close the property through a new North Carolina corporation, The Susi Corporation, which had been formed at the last minute. They explained that Bluebird would execute the purchase agreement, which would then be assigned to The Susi Corporation. Plaintiff did not object, although there was no discussion as to what the distribution of shares would be in the new corporation. Plaintiff assumed The Susi Corporation would either be owned by Bluebird, or that she and Susi would be fifty-fifty owners of The Susi Corporation. Susi advanced the entire purchase price for acquisition of Harborgate.

In reality, plaintiff had no interest in The Susi Corporation, and thus, no interest in Harborgate. Plaintiff alleged she did not discover that Susi was the sole owner of The Susi Corporation until 1 March 1999. According to plaintiff, Susi never mentioned before the day of closing that Harborgate would be purchased by a North Carolina corporation, and Susi never told her she was not a fifty percent shareholder in The Susi Corporation. Susi refused plaintiff's demand to immediately give her a fifty percent ownership interest in The Susi Corporation.

Plaintiff instituted this action against defendants on 19 March 1999, alleging claims of conversion, constructive fraud, and usurpation of corporate opportunity. On 19 May 1999, defendants moved to dismiss the claims on grounds that plaintiff had no right to recover individually based on the claims, which defendants asserted were Bluebird's claims, and thus, were derivative. On 15 July 1999, plaintiff filed an amended complaint which added claims of fraud, unfair and deceptive practices, and breach of contract. Defendants' motion to dismiss was heard on 23 August 1999. On 23 November 1999, Judge Sanford L. Steelman, Jr. entered an order dismissing with prejudice plaintiff's original three claims for relief, which claims plaintiff's attorney classified as her derivative claims: conversion, constructive fraud, and usurpation of corporate opportunity. Judge Steelman denied plaintiff's motion for rehearing on 4 February 2000.

Thereafter, on 11 February 2000, Judge Mark E. Klass allowed plaintiff to amend her complaint to add back the three claims that had been dismissed by Judge Steelman. Plaintiff's final amended complaint, filed 11 February 2000, alleged claims of conversion, constructive fraud, usurpation of corporate opportunity, fraud, unfair and deceptive practices, and breach of contract. Plaintiff's amended complaint averred that she was filing the suit both in an individual capacity and derivatively in her capacity as a shareholder of Bluebird. The amended complaint sought relief in the form of recovering the property for Bluebird; requiring that Susi issue plaintiff fifty percent of all outstanding Harborgate shares, or in the alternative, to recover the outstanding shares for Bluebird; judgment against Susi in the amount of the outstanding equity value of one-half Harborgate; punitive damages against Susi; treble damages against Susi pursuant to N.C. Gen. Stat. § 75-16; judgment against Susi for breach of contract; and recovery of all costs and expenses, including attorney's fees.

In May 2000, approximately four months prior to trial, Susi transferred Harborgate to Bluebird. The matter came to trial in September 2000. Plaintiff proceeded solely on her claims of fraud, constructive fraud, and unfair and deceptive practices, which plaintiff's counsel conceded both at trial and during the hearing on plaintiff's motion for attorney's fees, were being asserted by plaintiff individually, not derivatively. However, plaintiff's counsel noted that while plaintiff had essentially abandoned any derivative claims as a result of Susi's May 2000 transfer of the property to Bluebird, she was still asserting her motion for attorney's fees based on her derivative claims to recover the property for Bluebird.

At the conclusion of plaintiff's evidence, defendants moved for a directed verdict on the three claims. By judgment entered 2 October 2000, the trial court directed a verdict in favor of defendants as to all claims, concluding plaintiff had failed to show damages and other elements of her claims. The trial court entered a separate order on 2 October 2000 denying plaintiff's motion for attorney's fees based on her previously abandoned derivative claims to recover the property for Bluebird. Plaintiff moved for a new trial, and on 8 November 2000, the trial court entered an order denying the motion.

Plaintiff appeals from entry of judgment directing a verdict for defendants, and the orders denying her motion for attorney's fees and for a new trial. Defendants bring forth two cross-assignments of error, arguing that the trial court erred in failing to dismiss plaintiff's

claims as moot prior to trial, and that Judge Klass erred in permitting plaintiff to amend her complaint to include her derivative claims previously dismissed with prejudice by Judge Steelman.

Plaintiff brings forth six assignments of error on appeal; however, we need not address all of her arguments. We conclude that plaintiff, as a fifty percent shareholder in Bluebird, has failed to show that any damage which she has sustained as a result of Susi's actions is different from that sustained by Bluebird, and therefore, plaintiff does not have standing to maintain a direct action against defendants for individual recovery. However, we reverse and remand the issue of attorney's fees based upon plaintiff's previously abandoned derivative claims.

## I. Plaintiff's Individual Claims

[1] Standing is a necessary prerequisite to a court's proper exercise of subject matter jurisdiction. *Creek Pointe Homeowner's Ass'n v. Happ,* 146 N.C. App. 159, 164, 552 S.E.2d 220, 225 (2001). Therefore, issues pertaining to standing may be raised for the first time on appeal, including *sua sponte* by the Court. *Hedgepeth v. N.C. Div. of Servs. for the Blind,* 142 N.C. App. 338, 341, 543 S.E.2d 169, 171 (2001).

This Court recently examined the law in this state as to when a shareholder of a closely-held corporation may sue other shareholders derivatively, and when the shareholder may sue to recover individually. *See Norman v. Nash Johnson & Sons' Farms, Inc.,* 140 N.C. App. 390, 537 S.E.2d 248 (2000). We noted that a derivative action is one brought by a shareholder " 'in the right of' " a corporation. *Id.* at 395, 537 S.E.2d at 253 (citing N.C. Gen. Stat. § 55-7-40.1 (1999)). An individual action "is one a shareholder brings to enforce a right which belongs to him personally." *Id.* As a general rule, "shareholders have no right to bring actions 'in their [individual] name[s] to enforce causes of action accruing to the corporation[,]' " but they "must assert such claims derivatively on behalf of the corporation." *Id.* (citation omitted). In *Norman,* this Court held that minority shareholders in a closely-held corporation alleging wrongful conduct against the majority shareholders may bring an individual action against those shareholders in addition to maintaining a derivative action on behalf of the corporation. *Id.* at 405, 537 S.E.2d at 259. In so holding, we reviewed prior cases from this state allowing shareholders in closely-held corporations to maintain individual actions against other shareholders. *Id.* at 401-03, 537 S.E.2d at 257-58. In each case,

however, as well as in *Norman*, the plaintiff-shareholders were minority shareholders seeking to recover from majority shareholders for their wrongdoing. *Id.* We observed the rationale behind allowing minority shareholders to bring individual claims:

> [T]he recovery in a derivative action goes to the corporation. . . . Thus, disposition of the recovery in a derivative action based on wrongdoing by the directors of a corporation would be under the control of the wrongdoers . . . . It would be unrealistic to expect the interests of plaintiff minority shareholders who prevail in a derivative action to be protected by defendant majority shareholders who have allegedly converted, appropriated, and wasted corporate assets.

*Id.* at 405, 537 S.E.2d at 259.

We distinguished the case of *Outen v. Mical*, 118 N.C. App. 263, 454 S.E.2d 883 (1995), in which this Court held that the plaintiff-shareholder in a closely-held corporation could not maintain an individual action against the defendant-shareholder where the plaintiff was not a minority shareholder, but owned a fifty percent interest, as did the defendant. In *Outen*, this Court held that "a shareholder may attempt to bring a direct cause of action in addition to a derivative action and might be able to recover individual damages if the shareholder can ' "allege a loss peculiar to himself" by reason of some special circumstances or special relationship to the wrongdoers.' " *Outen*, 118 N.C. App. at 266, 454 S.E.2d at 885.

The plaintiff in *Outen* attempted to show such a special circumstance or relationship by virtue of the fact that he and the defendant were each fifty percent shareholders in a closely-held corporation. *Id.* Although we observed that the plaintiff and the defendant may have had a special relationship because they were each fifty percent shareholders, we held the "plaintiff did not show that he suffered a loss different from the loss to the corporation." *Id.* We rejected the plaintiff's arguments that he could maintain an individual action because the corporation was powerless to act and because different rules should apply to closely-held corporations, noting that the precedent for a shareholder to act in those situations applied to minority shareholders. *Id.* at 266-67, 454 S.E.2d at 885-86.

Clearly, the present case is most analogous to *Outen*. Plaintiff and Susi are each fifty percent shareholders in Bluebird. The same concerns underlying this Court's rationale in *Norman* and other cases

involving minority shareholders bringing suit against majority share-holders are not present in this case. We are bound by *Outen* to hold that plaintiff, as a fifty percent shareholder of Bluebird, cannot maintain an action against defendants for her individual recovery absent a showing that she has sustained " ' ". . . a loss peculiar to [her]self" by reason of some special circumstances or special relationship . . .' " to defendants. *See Outen*, 118 N.C. App. at 266, 454 S.E.2d at 885 (citation omitted).

As we held in *Outen*, plaintiff cannot carry this burden by simply alleging a special circumstance or relationship due to the fact that she and Susi are fifty percent shareholders in a closely-held corporation. Plaintiff has simply failed to show that she has sustained a loss different from that sustained by Bluebird as a result of Susi's transfer of Harborgate to The Susi Corporation as opposed to Bluebird. Therefore, plaintiff does not have standing to maintain a direct action seeking individual recovery against defendants based upon her allegations in this suit. Plaintiff conceded at trial that the three claims upon which she was proceeding were not derivative in nature, but rather were individual claims. The trial court should have dismissed plaintiff's claims for want of subject matter jurisdiction. We therefore vacate the trial court's judgment, and remand for entry of an order of dismissal.

## II. Attorney's Fees

**[2]** By her fifth assignment of error, plaintiff argues the trial court erred in denying her motion for attorney's fees based upon her derivative claims to recover Harborgate for Bluebird. N.C. Gen. Stat. § 55-7-46(1) (1999) provides that upon "termination of the derivative proceeding" the court may order the corporation to pay the plaintiff's reasonable expenses, including attorney's fees, "if it finds that the proceeding has resulted in a substantial benefit to the corporation." N.C. Gen. Stat. § 55-7-46(1).

Under the plain language of this statute, the party seeking attorney's fees need not necessarily be the prevailing party, nor must the derivative claim have proceeded to a final judgment or order. Although the statute makes clear that it is within the court's discretion to award fees (i.e., the court "may" do so), we believe that, upon plaintiff's motion, the trial court was at least required to consider whether the proceeding resulted in a substantial benefit to the corporation, and whether such benefit warranted any award of fees.

## AUBIN v. SUSI

[149 N.C. App. 320 (2002)]

In the present case, plaintiff's counsel made clear throughout trial that while plaintiff was not proceeding on her derivative claims to recover Harborgate for Bluebird, she was still pursuing her claim to recover attorney's fees based upon those claims. Following the grant of a directed verdict in favor of defendants, plaintiff's counsel reminded the trial court that plaintiff's motion for attorney's fees on the derivative claims was still pending. The trial court did not make any findings as to whether plaintiff's derivative action resulted in a substantial benefit to Bluebird. Moreover, in its 8 November 2000 order denying plaintiff's motion for a new trial, which motion was brought based on the grant of a directed verdict and the denial of plaintiff's motion for attorney's fees on her derivative claims, the trial court determined that plaintiff was not entitled to any such fees because she "failed to prevail on any of her claims at trial."

Although this reasoning may be valid as to plaintiff's individual claims, we observe again that the plain language of N.C. Gen. Stat. § 55-7-46 does not require that plaintiff be a successful litigant in order to recover attorney's fees based upon her derivative claims. The trial court's statement that plaintiff is not entitled to attorney's fees because she did not succeed at trial suggests that the trial court failed to consider plaintiff's motion for attorney's fees under the correct standard. In order to ensure that plaintiff's motion for attorney's fees was considered under the appropriate standard as set forth in N.C. Gen. Stat. § 55-7-46(1), we reverse the trial court's denial of her motion and remand for consideration of whether plaintiff's derivative proceeding "resulted in a substantial benefit" to Bluebird, and whether such benefit warrants an award of expenses, including attorney's fees.

Defendants argue that New York law must apply to this issue since Bluebird is incorporated in New York. While it is true that any derivative claim on behalf of Bluebird would generally be governed by New York law as provided by N.C. Gen. Stat. § 55-7-47 (1999), that statute also explicitly provides that N.C. Gen. Stat. § 55-7-46 applies to both domestic and foreign corporations.

We hereby vacate the trial court's 2 October 2000 judgment and remand for entry of an order dismissing plaintiff's individual claims for lack of standing. Plaintiff's claim for attorney's fees is remanded to the trial court for a determination of whether plaintiff is entitled to fees on her derivative claims under N.C. Gen. Stat. § 55-7-46(1). We

need not address plaintiff's remaining assignments of error, nor defendants' cross-assignments of error.[1]

Vacated and remanded in part; reversed and remanded in part.

Judge TYSON concurs.

Judge GREENE concurs in the result in a separate opinion.

GREENE, Judge, concurring in the result.

Although I agree with the majority that "plaintiff does not have standing to maintain a direct action seeking individual recovery against defendants based upon her allegations in this suit," I write separately to address when a plaintiff-shareholder can maintain an individual action against fellow shareholders.

Generally, "shareholders cannot pursue individual causes of action against third parties for wrongs or injuries to the corporation that result in the diminution or destruction of the value of their stock." *Barger v. McCoy Hillard & Parks*, 346 N.C. 650, 658, 488 S.E.2d 215, 219 (1997). This general rule, however, is governed by two exceptions. "First, a shareholder may bring an individual action against a third party when the third party 'owed [her] a special duty.' " *Norman v. Nash Johnson & Sons' Farms, Inc.*, 140 N.C. App. 390, 419, 537 S.E.2d 248, 267 (2000) (Greene, J., dissenting) (quoting *Barger*, 346 N.C. at 658-59, 488 S.E.2d at 219), *appeal withdrawn*, 354 N.C. 219, 553 S.E.2d 684 (2001). "Second, a shareholder may bring an individual action against a third party when the shareholder suffered a 'separate and distinct' injury as a result of the alleged wrongful conduct of the third party." *Id.* (quoting *Barger*, 346 N.C. at 658-59, 488 S.E.2d at 219). Thus, a plaintiff-shareholder, regardless of her status as a minority shareholder, can only bring an individual claim against majority shareholders if she is able to show they owed her "a 'special duty' or [she] suffered a 'separate and distinct injury' as a result of their alleged wrongful conduct." *Id.*

In this case, as plaintiff has failed to show defendants owed her a "special duty" or she suffered a "separate and distinct injury," she is not permitted to bring an individual claim against defendants.

---

1. We need not address defendants' argument that plaintiff should not have been able to amend her complaint to re-state her derivative claims since those claims were never brought forward and ruled upon by the trial court.