**SULLIVAN v. STATE**

[170 N.C. App. 433 (2005)]

LTC DONALD SULLIVAN AND SP4 JEFFREY S. SULLIVAN, PLAINTIFFS v. STATE OF NORTH CAROLINA, MICHAEL F. EASLEY, AND MAJOR GENERAL WILLIAM E. INGRAM, DEFENDANTS

No. COA04-600

(Filed 17 May 2005)

### Armed Services— standing—military deployment

The trial court did not err by dismissing plaintiffs' claim for an injunction to rescind orders of deployment for United States military forces, withdrawal of current deployed troops, and estoppel of future deployments based on lack of standing, because such relief is not within the power of the North Carolina state courts to grant since deployment of federal troops is entirely within the control of the federal government.

Appeal by plaintiffs from an order entered 1 March 2004 by Judge Ernest B. Fullwood in New Hanover County Superior Court. Heard in the Court of Appeals 16 February 2005.

*Jeffrey S. Sullivan and Donald Sullivan, plaintiff-appellants, pro se.*

*Attorney General Roy A. Cooper, III, by Special Deputy Attorney General W. Dale Talbert, for defendant-appellees.*

HUNTER, Judge.

Lt. Col. Donald Sullivan and Specialist Jeffery S. Sullivan (collectively "plaintiffs") appeal from a dismissal of their claim for injunctive relief entered 1 March 2004. As we find plaintiffs lacked standing to bring this claim, we affirm the trial court's dismissal.

Plaintiffs are former members of the United States Armed Services. Specialist Sullivan is a current member of the North Carolina National Guard and was deployed in August 2003 to the current United States military operation ongoing in Afghanistan.

On 3 October 2003, plaintiffs sought a temporary restraining order and preliminary injunction against the State of North Carolina, Governor Michael F. Easley, and Major General William E. Ingram, Adjutant General of the North Carolina National Guard (collectively "defendants"), to: (1) rescind orders of deployment for members of

the military forces of North Carolina engaged in actions in Iraq and Afghanistan, (2) recall those troops already deployed, and (3) estop defendants from further deployment. Plaintiffs contend such actions violate the state and federal Constitutions.

Defendants moved to dismiss the action, contending that the claim was not justiciable and failed to state a claim on which relief could be granted. The trial court granted defendants' motion to dismiss on 1 March 2004, finding plaintiffs lacked standing, that defendants were protected by sovereign immunity, and that the complaint presented political questions not justiciable by the court. Plaintiffs contend the trial court erred in dismissing their claims on these grounds. We disagree.

> Standing is among the "justiciability doctrines" developed by federal courts to give meaning to the United States Constitution's "case or controversy" requirement. U.S. Const. Art. 3, § 2. The term refers to whether a party has a sufficient stake in an otherwise justiciable controversy so as to properly seek adjudication of the matter.

*Neuse River Found., Inc. v. Smithfield Foods, Inc.*, 155 N.C. App. 110, 114, 574 S.E.2d 48, 51 (2002) (citation omitted). "Standing is a necessary prerequisite to a court's proper exercise of subject matter jurisdiction." *Aubin v. Susi*, 149 N.C. App. 320, 324, 560 S.E.2d 875, 878 (2002).

In order to establish standing to bring a justiciable claim before the court, a plaintiff must show an:

> " '(1) "injury in fact"—an invasion of a legally protected interest that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.' "

*Estate of Apple v. Commercial Courier Exp.*, 168 N.C. App. 175, 177, 607 S.E.2d 14, 16 (2005) (citations omitted).

Plaintiffs' requested relief in this action is an injunction to rescind orders of deployment for United States military forces, withdrawal of currently deployed troops, and estoppel of future deployments. Such relief is not within the power of the North Carolina state courts

SULLIVAN v. STATE

[170 N.C. App. 433 (2005)]

to grant.[1] A member of a state national guard is simultaneously a member of the Army National Guard of the United States. *See* 10 U.S.C. § 101(c) (1998). Further, a guard member ordered to active duty is relieved from duty in the National Guard of his State. *See* 32 U.S.C. § 325(a) (1959). Plaintiffs' remedy of withdrawal of federal troops and estoppel of further deployment is not within the power of the State of North Carolina to provide, as such deployments of federal troops are entirely within the control of the federal government. *See* U.S. Const. art 1, § 8, cl. 16 (stating Congress shall govern the militia when employed in the service of the United States), U.S. Const. art 2, § 2, cl. 1 (stating President is commander in chief of the militia of the several states), U.S. Const. art. 6, § 2 (stating the Constitution is the supreme law of the land and binding on the judges of every state). Therefore the trial court properly found plaintiffs lacked standing to proceed with their claim.

As both plaintiffs have failed to establish standing, the trial court properly dismissed the action for lack of jurisdiction. We therefore decline to address plaintiffs' additional assignments of error.

Affirmed.

Judges CALABRIA and JACKSON concur.

---

1. We note that plaintiffs have previously sought virtually identical injunctive relief in our federal courts. Those claims were also dismissed for lack of standing and as political questions. See *Sullivan v. United States*, No. 7:03-CV-39-F1, (E.D.N.C. Apr. 15, 2003), *aff'd*, No. 03-1611 (4th Cir. Sept. 29, 2003) (*per curiam*).