Regions Bank v. Reg'l Prop. Dev. Corp., 2008 NCBC 8.

STATE OF NORTH CAROLINA

COUNTY OF MECKLENBURG

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
07 CVS 12469

REGIONS BANK,

          Plaintiff,

   v.

REGIONAL PROPERTY
DEVELOPMENT CORPORATION,

          Defendant,

and

REGIONS BANK,

          Third-Party Plaintiff,

   v.

LAWRENCE J. SHAHEEN AND J.
MICHAEL SHAHEEN, Individually,

          Third-Party Defendants.

ORDER & OPINION

*Womble, Carlyle, Sandridge & Rice PLLC by Tricia M. Derr for Plaintiff Regions Bank.*

*Sellers, Hinshaw, Ayers, Dortch and Lyons, P.A. by Brett Dressler for Defendant Regional Property Development Corporation.*

Diaz, Judge.

{1}    Before the Court is the Plaintiff's Motion to Dismiss Defendant's Amended Counterclaim pursuant to Rule 12(b)(6) of the North Carolina Rules of Civil Procedure.

{2}    For the reasons set forth below, the Court **GRANTS** the Motion.

## I.

## PROCEDURAL BACKGROUND

{3}    On 24 May 2007, Defendant Regional Property Development Corporation ("Defendant"), one of four member/managers of Lancaster Industrial Park, LLC ("Lancaster" or the "Company"), filed a Demand for Arbitration against Plaintiff Regions Bank ("Regions") asserting claims for (1) breach of contract; (2) breach of fiduciary duty; (3) aiding and abetting breach of fiduciary duty; (4) breach of the duty of good faith; and (5) unfair and deceptive trade practices, arising from Regions' allegedly improper transfer of a loan made to Lancaster. (Compl. ¶ 20.)

{4}    On 22 June 2007, Regions filed a Complaint in Mecklenburg County Superior Court and moved to stay the arbitration proceeding.[1]  In its Complaint, Regions seeks a declaratory judgment that, as to the loan transaction, (1) Regions and Defendant had no contractual relationship; (2) Regions owed no fiduciary duties to Defendant; (3) Regions did not aid and abet any breach of fiduciary duty; (4) Regions owed no duty of good faith to Defendant; and (5) Regions did not engage in any unfair and deceptive trade practices. (Compl. ¶ 28.)

{5}    On 13 July 2007, the case was transferred to the North Carolina Business Court and assigned to me.

{6}    On 8 October 2007, Defendant answered the Complaint and filed a Counterclaim alleging that Regions aided and abetted a breach of fiduciary duty. (Countercl.)

{7}    On 7 December 2007, Regions moved to dismiss Defendant's Counterclaim and also filed a Third-Party Complaint against Lawrence J. Shaheen and J. Michael Shaheen for indemnity as to the Counterclaim and other related lawsuits.

{8}    On 10 December 2007, Regions filed its Amended Motion to Dismiss Defendant's Counterclaim and supporting brief.

---

[1] The Court subsequently entered a consent order wherein the parties waived their right to arbitrate the claims. (Order 11 Dec. 2007.)

{9}   On 11 January 2008, Defendant filed its Response to the Amended Motion to Dismiss the Counterclaim.

{10}   On 3 March 2008 (following a telephone conference between the Court and counsel), Defendant filed an Amended Counterclaim that, like the initial Counterclaim, alleges that Regions aided and abetted a breach of fiduciary duty. (Am. Countercl.)

{11}   On 13 March 2008, Regions filed its Motion to Dismiss the Amended Counterclaim (the "Motion to Dismiss"), which is now before me.

{12}   The Court thereafter allowed the parties to file supplemental briefs on the Motion to Dismiss.

{13}   Pursuant to Business Court Rule 15.4, the Court resolves the Motion to Dismiss without a further hearing.

II.

FACTUAL BACKGROUND

A.

THE PARTIES

{14}   Regions is a state bank organized and existing under the laws of Alabama and authorized to do business in North Carolina as a commercial banking institution. (Compl. ¶ 5.)

{15}   Defendant is a North Carolina corporation with its principal place of business in Mecklenburg County, North Carolina. (Compl. ¶ 6.)

{16}   Lancaster is a North Carolina limited liability company with its principal place of business in Mecklenburg County, North Carolina. (Compl. ¶ 7.)

{17}   Defendant is a member/manager of Lancaster. (Compl. ¶ 7.)

B.

SUMMARY OF THE FACTS

{18}   On 24 May 2002, Regions loaned $745,000.00 to Lancaster for a real estate development project. (Compl. ¶ 12.)

{19}    In conjunction with the loan, Lancaster executed a promissory note wherein it agreed to make monthly interest payments to Regions and repay the principal balance, along with any accrued interest, by 24 May 2004. (Compl. ¶¶ 1, 12.)

{20}    On 24 May 2004, Lancaster executed a second promissory note that extended the loan amount and provided that the loan would be repaid in twelve months. (Compl. ¶ 13.)

{21}    On 24 May 2005, the loan remained unpaid. (Compl. ¶ 14.)

{22}    Lancaster subsequently requested and received an extension of the maturity date of the loan, up to and including 24 August 2005. (Compl. ¶ 15.)

{23}    Regions later agreed to another extension of the maturity date of the loan, through 24 November 2005. (Compl. ¶ 16.)

{24}    Lancaster failed to make payment on the loan by 24 November 2005. (Compl. ¶ 17.)

{25}    Thereafter, and unbeknownst to Defendant, Regions began negotiating with the other three individual member/managers of Lancaster (the "Individual Members") regarding the sale and assignment of the loan and its underlying obligations (cumulatively being the "Loan"). (Am. Countercl. ¶ 9.)

{26}    On 23 February 2006, Regions sold the Loan to the Individual Members.[2] (Compl. ¶ 18; Am. Countercl. ¶ 17.)

III.

CONTENTIONS OF THE PARTIES

{27}    Defendant does not dispute that Regions could assign or sell the Loan. (Answer ¶ 23.)  However, Defendant contends Regions was not authorized to sell the Loan to the Individual Members in the manner in which it did. (Answer ¶ 18.)

{28}    Defendant asserts that Carpenter had a duty to notify Lancaster and Defendant of his intent to acquire the Loan so they could either refinance the Loan

---

[2] The Individual Members are Mark Carpenter ("Carpenter"), Steve Jacobsen, and Andrew Jacobsen. (Compl. ¶ 7.)  They are not parties to this lawsuit. (Am. Countercl. ¶ 2.)

or pay it off, and that Carpenter failed to provide such notice. (Am. Countercl. ¶¶ 19, 22.)

{29} According to Defendant, Regions negotiated with Carpenter for the sale of the Loan knowing that Carpenter was a Lancaster manager and that Defendant was unaware of the negotiations. (Am. Countercl. ¶¶ 9–11.)

{30} Defendant also asserts that Regions and Lancaster had a pattern or practice of allowing additional available principal on the Loan to be drawn down for the purpose of paying accrued interest on the Loan until "a payoff solution could be devised." (Am. Countercl. ¶ 8.)

{31} Despite this established practice, Defendant alleges that after the Loan became due, Regions sold it to the Individual Members with full knowledge that Carpenter intended to use Lancaster's alleged default as leverage to force Defendant to agree to a modification of the Company's operating agreement that would diminish the value of Defendant's equity interest in Lancaster. (Am. Countercl. ¶ 12–14, 16.)

{32} Defendant asserts that the Individual Members in fact used the threat of default and foreclosure (which, according to Defendant, would have eliminated its equity interest in Lancaster) to force Defendant to agree to over $600,000.00 in Company distributions to the Individual Members. (Am. Countercl. ¶ 18.)

{33} Defendant alleges in its Amended Counterclaim that (1) Carpenter owed it and Lancaster fiduciary duties that he breached by acquiring the Loan without providing adequate notice to Defendant or Lancaster; and (2) Regions substantially aided and abetted such breach by purposefully failing to provide Lancaster notice of either the Loan's default or its transfer to Carpenter. (Am. Countercl. ¶¶ 22, 25–27.)

{34} Regions makes two arguments in support of its Motion to Dismiss.

{35} First, Regions contends that North Carolina law does not recognize a claim for aiding and abetting breach of fiduciary duty under the facts of this case. (Br. Supp. Am. Mot. Dismiss Countercl. 4–5.) More specifically, Regions asserts that no authority supports allowing this type of claim by an individual member of a

limited liability company against a lender for selling a loan that was in default.  (Br. Supp. Am. Mot. Dismiss Countercl. 5.)

{36}    Second, Regions argues the Amended Counterclaim fails as a matter of law because Defendant fails to allege (1) an injury to itself that is "separate and distinct" from that suffered by the Company or the member/managers; or (2) that the injury arises out of a special duty running from Regions to Defendant.

{37}    In the absence of these allegations of injury, Regions contends Defendant cannot pursue a claim against it for diminution in value of its equity interest in Lancaster, which Regions characterizes as a derivative claim that may only be brought by Lancaster.  (Br. Supp. Am. Mot. Dismiss Countercl. 5–7; Supplemental Br. Supp. Am. Mot. Dismiss Am. Countercl. 3–13.)

{38}    In response to Regions' first argument for dismissal of the Amended Counterclaim, Defendant contends that our courts have not foreclosed a common law cause of action for aiding and abetting a breach of fiduciary duty on the facts presented. (Resp. Am. Mot. Dismiss 2–3.)

{39}    With respect to Regions' second argument, Defendant contends it was the only entity to suffer harm as a result of Regions' actions in aiding and abetting the breach of fiduciary duty.  (Resp. Am. Mot. Dismiss 4.)  As a result, Defendant asserts it has alleged an injury sufficiently "separate and distinct" to overcome a Rule 12(b)(6) motion to dismiss for lack of standing.  (Resp. Am. Mot. Dismiss 4.)

IV.

PRINCIPLES OF LAW

A.

RULE 12(b)(6) MOTIONS TO DISMISS[3]

{40}    The essential question on a motion to dismiss pursuant to Rule 12(b)(6) of the North Carolina Rules of Civil Procedure is "whether the facts alleged in the complaint, when viewed in the light most favorable to the plaintiffs, give rise to a

---

[3] Although the cases cited here address the Rule 12(b)(6) standard of review for a complaint, they apply with equal force when analyzing the sufficiency of a counterclaim.

claim for relief on any theory." *Ford v. Peaches Entm't Corp.,* 83 N.C. App. 155, 156, 349 S.E.2d 82, 83 (1986) (citation omitted). On a motion to dismiss, the complaint's material factual allegations are taken as true. *Oberlin Capital, L.P. v. Slavin,* 147 N.C. App. 52, 56, 554 S.E.2d 840, 844 (2001) (citing *Hyde v. Abbott Labs., Inc.,* 123 N.C. App. 572, 575, 473 S.E.2d 680, 682 (1996)).

{41} "The complaint must be liberally construed, and the court should not dismiss the complaint unless it appears beyond a doubt that the plaintiff could not prove any set of facts to support his claim which would entitle him to relief." *Block v. County of Person,* 141 N.C. App. 273, 277–78, 540 S.E.2d 415, 419 (2000).

{42} Nevertheless,

[d]ismissal of a complaint under Rule 12(b)(6) is proper when one of the following three conditions is satisfied: (1) when the complaint on its face reveals that no law supports plaintiff's claim; (2) when the complaint on its face reveals the absence of fact sufficient to make a good claim; (3) when some fact disclosed in the complaint necessarily defeats plaintiff's claim.

*Shepherd v. Ocwen Fed. Bank, FSB*, 172 N.C. App. 475, 477, 617 S.E.2d 61, 63 (2005) (citation and quotations omitted).

## B.

## STANDING

{43} "A lack of standing may be challenged by [a] motion to dismiss for failure to state a claim upon which relief can be granted." *Energy Investors Fund, L.P. v. Metric Constructors, Inc.,* 351 N.C. 331, 337, 525 S.E.2d 441,445 (2000) (citing *Krauss v. Wayne County DSS*, 347 N.C. 371, 373, 493 S.E.2d 428, 430 (1997)).

{44} "The well-established general rule is that shareholders cannot pursue individual causes of action against third parties for wrongs or injuries to the corporation that result in the diminution or destruction of the value of their stock." *Barger v. McCoy Hillard & Parks,* 346 N.C. 650, 658, 488 S.E.2d 215, 219 (1997) (citing *Jordan v. Hartness*, 230 N.C. 718, 719, 55 S.E.2d 484, 485 (1949)).

{45}    However,

> a shareholder may maintain an individual action against a third party for an injury that directly affects the shareholder, even if the corporation also has a cause of action arising from the same wrong, if the shareholder can show that the wrongdoer owed him a special duty or that the injury suffered by the shareholder is separate and distinct from the injury sustained by the other shareholders or the corporation itself.

*Id.*

{46}    These standing principles apply equally to suits brought by members of a limited liability company. *See Dawson v. Atlanta Design Assocs., Inc.,* 144 N.C. App. 716, 719 n.1, 551 S.E.2d 877, 880 n.1 (2001).

V.

ANALYSIS

{47}    Regions argues that Defendant's Amended Counterclaim for aiding and abetting breach of fiduciary duty fails as a matter of law for two reasons: (1) North Carolina does not recognize a claim for aiding and abetting breach of fiduciary duty in this context; and (2) even if such a claim does exist, Defendant lacks standing to bring an individual claim against Regions on the facts presented.[4] *See supra* ¶¶ 34–37.

{48}    As to Regions' first argument, this Court has previously questioned whether North Carolina law recognizes a claim for aiding and abetting breach of fiduciary duty. *See Battleground Veterinary Hosp., P.C. v. McGeough,* 2007 NCBC 33 ¶¶ 68–70 (N.C. Super. Ct. Oct. 19, 2007), http://www.ncbusinesscourt.net/opinions/101907%20Order%20Webpage.pdf.

{49}    The reason for doubt is that the sole North Carolina appellate decision recognizing such a claim involved allegations of securities fraud, and its federal underpinnings were subsequently overruled by the United States Supreme Court.

---

[4] Regions also seeks dismissal of the Amended Counterclaim because Defendant filed it one day after the deadline established by the Court. Regions, however, alleges no prejudice from the delay and the Court finds none. Accordingly, the Court declines to grant relief on that ground.

*Compare Sompo Japan Ins. Co., v. Deloitte & Touche, LLP*, 2005 NCBC 2 (N.C. Super. Ct. June 10, 2005), http://www.ncbusinesscourt.net/opinions/2005%20NCBC%202.htm (discussing *Blow v. Shaughnessy*, 88 N.C. App. 484, 364 S.E.2d 444 (1988) and *Cent. Bank of Denver, N.A. v. First Interstate Bank of Denver, N.A.*, 511 U.S. 164 (1994)), *with Equitable Life Assurance Soc'y of the U.S. v. Am. Bankers Ins. Co. of Fla.*, No. 88-535-CIV-5-H, 1995 U.S. Dist. LEXIS 10880, at *34 (E.D.N.C. May 12, 1995) (stating that North Carolina would still recognize a claim for aiding and abetting breach of fiduciary duty based solely on tort principles), *and In re Lee Memory Gardens, Inc.*, 333 B.R. 76, 80 (Bankr. M.D.N.C. 2005) (stating that "North Carolina law recognizes a cause of action for aiding and abetting breach of fiduciary duty" and citing *Blow v. Shaughnessy* for that proposition).

{50}   Nevertheless, the Court is mindful of the indulgent standard it must apply to a claim for relief when faced with a Rule 12(b)(6) motion to dismiss. *Sunamerica Fin. Corp. v. Bonham*, 328 N.C. 254, 257, 400 S.E.2d 435, 437 (1991). Because there is no binding precedent directly on point, and some persuasive authority suggesting that a common law claim for aiding and abetting breach of fiduciary duty still exists in North Carolina, the Court declines to dismiss Defendant's claim on this ground.[5]

{51}   In any event, there exists a separate basis for dismissing Defendant's Amended Counterclaim.  With two exceptions, North Carolina corporate "shareholders cannot pursue individual causes of action against third parties for wrongs or injuries to the corporation that result in the diminution or destruction of the value of their stock." *Barger,* 346 N.C. at 658, 488 S.E.2d at 219.

{52}   The two exceptions supporting standing in this context are where (1) a plaintiff alleges an injury "separate and distinct" to itself; or (2) the injuries arise out of a "special duty" running from the alleged wrongdoer to the plaintiff. *Id.*

---

[5] Regions does not argue that the predicate breach of fiduciary duty allegations against Carpenter are insufficient as a matter of law, and the Court therefore does not address this issue.

{53}     Moreover, that the Court here is dealing with a limited liability company instead of a corporation is of no legal significance, as the standing principles announced in *Barger* apply with equal force to limited liability companies. *Dawson,* 144 N.C. App. at 719 n.1, 551 S.E.2d at 880 n.1.

{54}     In this case, the facts pled in the Amended Counterclaim make clear that Lancaster is composed of four members: Defendant and the three Individual Members. (Am. Countercl. ¶ 2.)

{55}     Defendant does not allege that it holds a minority interest in Lancaster, and therefore it cannot be said that the Individual Members owe Defendant a special duty arising solely from their control of the Company. *See generally Outen v. Mical,* 118 N.C. App. 263, 266, 454 S.E.2d 883, 886 (1995) (stating that "a minority shareholder may bring an individual suit 'where the corporation is so dominated and controlled by a wrongdoer as to be powerless to act.'") (quoting *Fulton v. Talbert*, 255 N.C. 183, 185, 120 S.E.2d 410, 412 (1961)).

{56}     Defendant does allege that the Individual Members (with the assistance of Regions) leveraged their control over the Loan to force Defendant to agree to allow the Company to make $600,000.00 in distributions to the Individual Members "that were not otherwise due to them." (Am. Countercl. ¶ 18.)

{57}     But a claim that distributions were unlawfully made is just another way of saying that the Individual Members wrongfully diverted Company assets. By any measure, the right to pursue such a claim belongs to the Company, not its members. As Regions notes, among the justifications for enforcing the distinction between derivative and individual rights of action is the need to protect the rights of possible creditors. (Pl's. Supplemental Br. Supp. Mot. Dismiss Am. Countercl. 10 (citing *Outen,* 118 N.C. App. at 267, 454 S.E.2d at 886 (stating that awarding damages directly to a shareholder for claims properly belonging to the corporation "'could impair the rights of creditors whose claims may be superior to that of the innocent shareholder.'") (citation omitted)).)

{58}     Accordingly, because Defendant's individual claim seeks to vindicate a right properly belonging to Lancaster, it must be dismissed.

VI.

CONCLUSION

{59}    The Court **GRANTS** Regions' Motion to Dismiss Defendant's Amended Counterclaim.

**SO ORDERED** this the 21st day of April, 2008.